**FILED**
**FEBRUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISENIA CANCEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **08 C 951** |
| v. ) | |
| ) No. | **JUDGE SHADUR** |
| CITY OF CHICAGO and JODY WEIS, ) | **MAGISTRATE JUDGE KEYS** |
| SUPERINTENDENT of POLICE, ) | |
| Defendants ) | |

## CLASS ACTION COMPLAINT

Plaintiff through her attorneys, THOMAS PETERS, ROBERT CLANCEY COTTER, MARY DE SLOOVER, and KEVIN PETERS, states:

### COUNT I

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Weis.

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's constitutional right to a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

## THE FORFEITURE SYSTEM

7. Chicago police officers acting under color of state law and pursuant to the express and de facto practices and policies of the City of Chicago and Superintendent Weis are authorized to seize motor vehicles for specified non-narcotics offenses.

8. The seizures at issue here purportedly are made pursuant to 720 ILCS 5/36-1 ( Article 36).

9. Article 36 requires the City of Chicago, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Cook County.

10. The policy and practice of the City of Chicago is to delay delivery of Article 36 seizures for thirty or more days.

11. During that time, the City will not release the seized vehicle to the registered owner.

12. During that time, neither the City nor Weis will allow the registered owner to post bond and secure the release of the seized vehicle.

13. During that time, neither the City nor Weis provides any opportunity for a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

14. As a result of the delays built into the policy and practice described above, more than thirty days elapse without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

15. As a result of the delays built into the policy and practice described above, more than thirty days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

## THE SYSTEM APPLIED TO PLAINTIFF

16. On or about January 4, 2008, Plaintiff's Dodge Stratus was seized by Chicago police officers. Plaintiff was a passenger in the vehicle and she did not personally violate any law of the state of Illinois or any ordinance of the City of Chicago.

17. Plaintiff was ill at the time so she was being driven to the hospital for medical care.

18. Plaintiff's husband was driving the car because he believed it was a medical emergency and he and Plaintiff could not afford the cost of an ambulance.

19. Plaintiff's husband was stopped by Chicago police officers and issued a ticket for driving on a suspended or revoked license.

20. The ticketing officers then had Plaintiff's car towed for violation of a City

ordinance.

21.  Plaintiff later posted the requisite cash bond, as allowed by the City ordinance, and secured the release of the vehicle based on the City ordinance violation.

22.  The car was driven to Plaintiff's home.  Once there, Chicago police officers again towed the car, this time for an alleged violation of Article 36.

23.  When a car is towed pursuant to Article 36, Defendants' policy and practice is to charge a towing fee and daily storage fees.

24.   Since Plaintiff's car was now being held pursuant to Article 36, Defendants' policy and practice prohibit release of the vehicle until Defendants have decided whether they will seek forfeiture of the vehicle pursuant to Article 36.

25.  During that time ( 30 days or more) Defendants do not allow owners to post bond and do not provide hearings to determine the validity of the continued detention of the seized vehicle.

26.  Plaintiff was ready, willing, and able to pay the second towing fee and pay the additional storage costs when her car was towed for the alleged Article 36 violation.

27.  Defendants, acting through their agents and employees and consistent with Defendants' policy and practice, refused to release the car to Plaintiff when Plaintiff offered to pay the second towing fee and the new ( Article 36) storage fees.

28.  On or about February 8, 2008, agents of the City advised Plaintiff that her vehicle would not be subject to forfeiture but her car would not be released until she had

paid all of the accumulated towing and storage fees, more than one thousand dollars.

29. From on or about January 5, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the custody of the City pursuant to Defendants' Article 36 policy and practice.

30. As a result of Defendants' policy and practice, Plaintiff now owes more than one thousand dollars in storage fees and, other than paying those fees, Plaintiff cannot secure the release of her vehicle.

31. Plaintiff is not currently able to pay the accumulated fees and costs and therefore cannot retrieve her car.

32. Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

Wherefore, Plaintiffs pray the Court will a) declare that Plaintiffs have a due process right to a prompt post-seizure probable cause hearing or the opportunity to post bond and secure the release of the seized vehicle; b) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for months without a judicial determination of probable cause; and d) award reasonable damages, costs, and attorneys fees

## COUNT II

## CLASS ACTION

1-32. Plaintiff re-alleges paragraphs 1-32 of Count I as paragraphs 1-32 of Count II.

33. Plaintiff represents a class of persons who have had, or will have, motor vehicles seized by Chicago police officers pursuant to Article 36 during the last two years.

34. Plaintiff believes the number of potential class members exceeds 5,000 (five thousand) persons annually.

35. As to this class, the Defendants have engaged in a common course of conduct and a common question of law will resolve all their claims.

36. The common issue of constitutional law is whether a person from whom a vehicle is seized by a police officer, without a warrant, has the right to a prompt post-seizure determination of probable cause to continue to detain the seized property. Or, in the alternative, whether the vehicle owner must be afforded the opportunity to post bond to secure the release of the seized vehicle.

37. The named Plaintiff's claim is typical of the claims of all other class members.

38. Plaintiff will fairly and adequately represent and protect the interest of the class.

39. Plaintiff and her counsel can fairly and adequately represent the class.

Wherefore, Plaintiffs pray the Court will a) certify this case as a class action; b) declare that Plaintiffs have a due process right to a prompt post-seizure probable cause hearing or the opportunity to post bond and secure the release of the seized vehicle; c) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; d) enjoin Defendants' current practice and policy of seizing property and retaining custody for months without a judicial determination of probable cause; and e) award reasonable damages, costs and attorneys fees.

Respectfully submitted,

S/ Thomas Peters
THOMAS PETERS
KEVIN PETERS
ROBERT COTTER
MARY DeSLOOVER
ATTORNEYS FOR THE PLAINTIFFS
407 S. Dearborn, Suite 1675
Chicago, IL 60605
312-697-0022