IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISENIA CANCEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 951 |
| v. | ) |
| | ) |
| CITY OF CHICAGO and JODY WEIS, | ) Honorable Milton Shadur, |
| SUPERINTENDENT of POLICE, | ) Presiding |
| Defendants | ) |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, by and through her attorneys, Thomas Peters, Mary DeSloover, and Kevin Peters, and pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, hereby moves this Court to enter an order certifying this case as a class action for injunctive relief, restitution, and damages. In support of this Motion Plaintiff states:

1. The alleged class action claim involves a policy or practice of the City of Chicago and the Chicago Police Department with respect to hundreds of arrests during which vehicles are seized and held, ostensibly for forfeiture, pursuant to 720 ILCS 5/36-1 (Article 36).

2. The 23(b)(3) class consists of all those persons who had vehicles taken from them by Chicago police officers within the last two years provided: a) the vehicle was not

1

immediately returned to the owner; b) the vehicle was held, ostensibly pursuant to Article 36; c) towing and storage fees were charged against the seized vehicle; and d) the vehicle was held for more than seven business days without judicial review and without the opportunity to post bond to secure release of the vehicle.

    3. The Rule 23(b)(2) class is identical to the due process class, except to the extent restitution is at issue a five year statute of limitations applies.

    4. Plaintiff is a member of the class in that her car was seized by Chicago police officers on or about January 4, 2008, and later it was impounded pursuant to Article 36. From the date of the Article 36 impoundment the City charged towing and storage fees, which now exceed $1000.00 dollars.

    5. Joinder of all the individual claims is impractical since there are hundreds, perhaps thousands, of class members, their individual claims are modest, and it would not be cost-effective to litigate hundreds of small claims derived from a single policy or practice.

    6. The commonality factors of Rule 23(a) are satisfied in that the core facts and the legal issues are the same for all class members. Every class member had a vehicle seized pursuant to Article 36; every class member was charged towing and storage fees; and every class member was subjected to the City's policy and practice of taking more than seven business days before either a) seeking forfeiture review under Article 36 or releasing the seized vehicle to the owner.

7.  Plaintiff's claim arises from a common course of conduct as followed by Defendants in all Article 36 cases and, as a result of Defendants' common course of conduct, the following questions of law are common to all class members:

    a) Whether Defendants' policy or practice violates the Due Process Clause in that their policy or practice does not allow for a prompt post-seizure hearing;

    b) Whether Defendants have a legal basis to retain inventoried vehicles for more than seven business days without allowing for release of the vehicles, upon posting of bond, or a hearing to determine probable cause to continue to detain the vehicles;

    c) Whether Defendants' policy or practice of charging towing and storage fees when a car is impounded pursuant to Article 36 results in constitutional harm to members of the class;

    d) Whether Defendants' policy or practice is to take 30 or more days before seeking forfeiture review or releasing the vehicle to the rightful owner; and

    e) Whether Defendants' policy or practice violates the Takings Clause or the Fourth Amendment.

8.  Plaintiff's claim is typical of all class claims that in her car was seized by Chicago police officers and the car was held, subject to towing and storage fees far more

than seven business days, without an opportunity for Plaintiff to post bond and secure its release and without a prompt post-seizure hearing.

9. There are no conflicts between the class representative and the other class members and the attorneys for the class representatives are experienced civil rights and class action litigators.

10. A class action is the most efficient procedure to resolve these claims.

11. Plaintiff incorporates by reference the Memorandum In Support of Class Certification.

12. As more fully set forth in the Memorandum, this motion is being filed now to avoid any potential mootness arguments.

WHEREFORE, Plaintiff respectfully requests the Court enter an Order certifying this case as a 23(b)(2) and (b)(3) class action.

 s/ Thomas Peters
THOMAS PETERS
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiffs
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(3l2) 697-0022