IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DISENIA CANCEL,

          *Plaintiff,*

vs.

CITY OF CHICAGO and JODY WEIS,
SUPERINTENDENT of POLICE,

          *Defendants.*

No. 08 C 951

Judge Shadur

## DEFENDANTS CITY OF CHICAGO'S AND SUPERINTENDENT JODY WEIS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

### INTRODUCTION

Through her Complaint, Plaintiff challenges the constitutionality of the Chicago Police Department's ("CPD") alleged failure to provide for a probable cause hearing after the seizure of her motor vehicle. Plaintiff alleges the seizure of her vehicle violated her due process rights and asks the Court to certify a class of "persons who have had, or will have, motor vehicles seized by Chicago police officers pursuant to Article 36 during the last two years" and were not given a "post-seizure probable cause to detain hearing." (Complaint ¶33.)

The Complaint should be dismissed. When presented with similar claims, the Seventh Circuit in *Jones v. Takaki*, 38 F.3d 321 (7th Cir. 1994) held that there is no constitutional entitlement to a post-seizure probable cause hearing. In addition, *Jones* held that the individualized and factual nature of the due process inquiry precluded claims such as Plaintiff's from being asserted on a class basis because "typicality" could not be established. Plaintiff's allegations cannot sustain either her due process claim or a class action. Thus, the Complaint should be dismissed with prejudice.

## THE CLASS ACTION COMPLAINT

The Complaint contains two counts: an individual due process claim, and a "Class Action for Declaratory and Injunctive Relief." The Complaint purports to be brought "pursuant to 42 U.S.C. 1983 for violations of the Plaintiff's constitutional right to a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States." (Complaint ¶4.)

Plaintiff alleges her vehicle was impounded by Chicago police officers on or about January 4, 2008, when Plaintiff's husband, who was driving the vehicle, was stopped and cited for driving on a suspended or revoked driver's license. (*Id.* ¶¶16, 19.) The vehicle was towed for violation of a City ordinance. (*Id.* ¶20.) Plaintiff alleges that she "later posted the requisite cash bond ... and secured the release of the vehicle," but that "Chicago police officers again towed the car, this time for an alleged violation of Article 36." (*Id.* ¶¶21-22.) Plaintiff further alleges that "agents of the City advised Plaintiff that her vehicle would not be subject to forfeiture but her car would not be released until she had paid all of the accumulated towing and storage fees." (*Id.* ¶28.) Plaintiff concludes that Defendants' actions violate her constitutional rights because she has not been afforded a prompt post-seizure probable cause hearing, or the opportunity to post bond and secure the release of the seized vehicle. (*Id.* ¶¶4, 15, 32.) It is unclear whether Plaintiff is complaining that she was deprived of a post-seizure hearing after her vehicle was initially seized pursuant to City ordinance or after the subsequent seizure pursuant to Article 36, 720 ILCS § 5/36-1. Nonetheless, the Complaint should be dismissed.

Plaintiff purports to "represent a class of persons who have had, or will have, motor vehicles seized by Chicago police officers pursuant to Article 36 during the last two years." (*Id.* ¶33.) According to Plaintiff's allegations, the common issues of law are "whether a person from whom a vehicle is seized by a police officer, without a warrant, has the right to a prompt post-

2

seizure determination of probable cause to continue to detain the seized property" or "whether the vehicle owner must be afforded the opportunity to post bond to secure the release of the seized vehicle." (*Id.* ¶36.)

As relief, Plaintiff requests that the Court a) certify the case as a class action; b) declare that Plaintiffs have a due process right to a prompt post-seizure probable cause hearing or the opportunity to post bond and secure the release of the seized vehicle; c) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; d) enjoin Defendants' alleged current practice and policy of seizing property and retaining custody for months without judicial determination of probable cause; and e) award reasonable damages, costs and attorneys fees. (*Id.* at p. 7, Prayer for Relief.)

## ARGUMENT

### I. PLAINTIFF IS NOT ENTITLED TO A POST-SEIZURE PROBABLE CAUSE HEARING.[1]

The Seventh Circuit has addressed the very issue before the Court, and has concluded that the Due Process Clause of the Constitution does <u>not</u> require a post-seizure, pre-forfeiture probable cause hearing. *Jones v. Takaki*, 38 F.3d 321 (7th Cir. 1994) conclusively established that Plaintiff is not entitled to the very post-seizure pre-forfeiture probable cause hearing that she seeks through her Complaint.

In *Jones*, Plaintiffs' counsel in this litigation represented plaintiffs in a putative class action lawsuit under 42 U.S.C. § 1983 alleging that the Illinois Drug Asset Forfeiture Procedure Act violated the Due Process Clause of the Fourteenth Amendment because it did not provide for a prompt post-seizure hearing. *Jones*, 38 F.3d at 322. In *Jones*, the plaintiffs claimed, as

---

[1] Plaintiff was in fact provided with the opportunity for a hearing, although the process provided to Plaintiff is beyond the procedural scope of this Motion to Dismiss. In the event that this Court reaches the substance of the Complaint, Defendants will dispute Plaintiff's assertion that she was not provided with a hearing, and Defendants' procedure will be developed for the Court.

Plaintiff does here, that their due process rights had been violated when police officers seized "vehicles, money or other property" and plaintiffs "had not received a timely post seizure judicial hearing at which the right of Defendants ... to detain [their] property could be determined and ... [t]he property was held without a judicial determination of probable cause to seize and detain it." *Id.* at 323 (internal quotation marks omitted) (alterations in original). The *Jones* plaintiffs, whose automobiles had been seized, argued that because a forfeiture hearing might not occur quickly, due process required a preliminary determination as to whether there had been probable cause to seize and detain their automobiles. *See id.* at 323, 324. The district court granted summary judgment against the named plaintiffs. *Id.* at 324.

The Seventh Circuit affirmed the entry of summary judgment, noting that the Supreme Court previously "made clear that the Constitution does not require any proceeding prior to the actual forfeiture proceeding." *Id.* (citing *United States v. Von Neumann*, 474 U.S. 242, 249 (1986)). The Seventh Circuit applied the Supreme Court precedent of *Von Neumann* in circumstances factually similar to the instant, and concluded that an interim probable cause hearing was not required by due process in light of *Von Neumann's* holding that "the forfeiture proceeding, without more, provides the postseizure hearing required by due process." *Id.* at 324 (quoting *Von Neumann*, 474 U.S. at 249).

In short, the Seventh Circuit held that no additional probable cause hearing other than the forfeiture trial is required to satisfy the requirements of due process. Although the *Jones* decision addressed a different statute (namely, the Illinois Drug Asset Forfeiture Procedure Act) rather than the statue at issue here (Article 36), the statutes are similar and the same reasoning applies. Both statutory schemes contemplate an initial impoundment, followed by a forfeiture hearing at a later date. *See* 720 ILCS § 5/36-1; 725 ILCS § 150/1-14.

4

*Jones*, the controlling law of this Circuit, dictates that Plaintiff is not entitled to the post-seizure pre-forfeiture probable cause hearing that she seeks. Plaintiff's counsel have recently challenged the holding of *Jones v. Takaki*, 38 F.3d 321 (7th Cir. 1994) through their appeal of *Smith v. City of Chicago,* Dist. Ct. No. 06-6423, Docket Entry No. 38 (granting motion to dismiss based on the holding of *Jones*). *See* Seventh Circuit Court of Appeals No. 07-1599. The pending challenge to *Jones*, however, does not alter this Court's analysis. This Court remains bound by the holding of *Jones* in accordance with the dictates of *stare decisis*. *See Tate v. Showboat Marina Casino Partnership*, 431 F.3d 580, 582 (7th Cir. 2005); *see also Pandya v. City of Chicago*, 1992 WL 198940, *5 FN 7 (Aug. 12, 1992, N.D. Ill.) ("The Seventh Circuit, within the limits of *stare decisis*, is free to modify its rulings. But, ... until such time this court must follow the existing Seventh Circuit precedents.) The pending appeal of *Smith* does not alter the conclusion that under the binding precedent of *Jones*, Plaintiff's claim should be dismissed.

II.   **COUNT II, ASSERTING A "CLASS CLAIM," MUST ALSO BE DISMISSED UNDER *JONES* BECAUSE PLAINTIFF CANNOT ESTABLISH TYPICALITY.**

Even if Plaintiff could state an individual due process claim, her effort to represent a class is doomed under *Jones* as well. Count II of the Complaint, a "Class Action," asserts that there are common issues of law among proposed class members. The purportedly common issues of law are "whether a person from whom a vehicle is seized by a police officer, without a warrant, has the right to a prompt post-seizure determination of probable cause to continue to detain the seized property" or in the alternative "whether the vehicle owner must be afforded the opportunity to post bond to secure release of the seized vehicle." (Complaint ¶36.)

Plaintiff has already moved for certification of two proposed classes: a class pursuant to Federal Rule of Civil Procedure 23(b)(3) based on a federal due process claim; and a class

pursuant to Federal Rule of Civil Procedure 23(b)(2) seeking restitution and equitable relief.[2] Obviously, Plaintiff's ability to fairly and adequately represent the proposed classes and the typicality of Plaintiff's claims must be tested through class discovery. Nonetheless, even if Plaintiff can establish that she is an appropriate class representative, under *Jones* it remains questionable whether this type of action can <u>ever</u> be pursued as a class action given the highly factual analysis of a due process claim.

The Seventh Circuit in *Jones* affirmed the district court's refusal to certify the case as a class action, finding the due process analysis required was too fact-specific for class action treatment. *Jones,* 38 F.3d at 323-24. The *Jones* district court found that the named plaintiffs' claims could not meet the typicality requirement of Federal Rule of Civil Procedure 23(a)(3). *Jones v. Takaki,* No. 92 C 7078, 1993 WL 126326, *2 (N.D. Ill. Apr. 13, 1993) *aff'd* 38 F.3d 321 (7th Cir. 1994). The Seventh Circuit affirmed the denial of class certification as well, finding "[e]ach of the four factors identified in those opinions necessarily differ from case to case, and the overall due process analysis must be individualized as well." *Jones,* 38 F.3d at 323. Thus, the Seventh Circuit agreed with the district court that the due process analysis was "heavily fact-bound" and thus not appropriate for class certification. The Seventh Circuit concluded that the district court's refusal to certify the class was "clearly proper." *Id.* at 324.

Here, Plaintiff alleges that she had her vehicle towed two times, and that she was advised thirty-five days after the initial impoundment that her vehicle would not be subject to forfeiture. (Complaint, ¶¶16, 22, 28.) These allegations are unique to Plaintiff, and each proposed class member will have different facts underlying their claims, and the particular delay may or may not result in a due process violation. This case-by-case analysis defeats the typicality element required for class certification. *Jones,* 38 F.3d at 323. These factors also raise questions whether

---

[2] Defendants reserve their right to submit a full opposition to Plaintiff's Motion for Class Certification after the opportunity to conduct discovery regarding the class and Plaintiff's ability to represent the class, in the event that the Motion to Dismiss is denied as to the Class Action claim.

the class versus individual fact and legal issues predominate as required by Federal Rule of Civil Procedure 23(b)(3). *See Pastor v. State Farm Auto. Ins. Co.*, 487 F.3d 1042 (7th Cir. 2007).

Under the binding precedent of *Jones*, Plaintiff's class claim is barred. Thus, Count II of the Complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Dated: March 13, 2008

                                        Respectfully submitted,
                                        **THE CITY OF CHICAGO** and
                                        **SUPERINTENDENT JODY WEIS**

                                        By:  s/ Allan T. Slagel
                                                One of their Attorneys

Allan T. Slagel, Esq. (#6198470)
Heather A. Jackson, Esq. (#6243164)
Sherri L. Thornton-Pierce, Esq. (#6285507)
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, #2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011

1076633_1