IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISENIA CANCEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 951 |
| v. | ) |
| | ) |
| CITY OF CHICAGO and JODY WEIS, | ) Honorable Milton Shadur, |
| SUPERINTENDENT of POLICE, | ) Presiding |
| Defendants | ) |

**PLAINTIFF'S CORRECTED RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

Plaintiff, Disenia Cancel, through her attorneys, Thomas Peters, Mary DeSloover, and Kevin Peters, in response to the Motion to Dismiss states as follows:

**A.**

**JONES IS INAPPOSITE**

Plaintiff's car has been in police custody since January 4, 2008. (Doc. No. 1 at para. 16) Every day since then the City has assessed a storage fee, which is added to a towing fee. (Id., at para. 23) The accumulated fees now exceed three thousand dollars, which is greater than the fair market value of the car. In effect, the City has imposed a forfeiture without affording Plaintiff any form of post-seizure process. In that respect, Plaintiff's case differs markedly from Jones v. Takaki, 38 F.3d 321 (7th Cir. 1994), where

1

the only issue before the Court was whether a car owner is entitled to a hearing after the seizure but before the forfeiture trial. As alleged by Plaintiff, the City has assessed thousands in fees and costs without a hearing at any time. Plaintiff cannot pay the accrued costs. (Doc. 1, at para. 31) Unless she is entitled to a hearing at some time, her car will be forfeited to the City and there is nothing she can do about it.

Plaintiff has alleged a City policy that imposes a de facto forfeiture without providing any process before or after a car is seized. While the City unquestionably has the right to pursue forfeiture of property, forfeitures cannot be imposed in a procedural vacuum. United States v. James Daniel Good Real Property, 510 U.S. 43, 126 L. Ed.2d 490 (1993) Whenever a governmental entity seeks a forfeiture, the property owner is entitled, at the very least, to a post-seizure hearing. Colero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 603, 40 L. Ed. 2d 452 (1974) Since Plaintiff has alleged a policy of detaining seized vehicles for 30 or more days and then demanding in excess of one thousand dollars for their return, these allegations support the reasonable inference that in some cases the "costs" will exceed the value of the car. As to these cases, a de facto forfeiture has occurred without any form of due process hearing. The vehicle owner, no matter how innocent, has only two choices – pay the fees or lose the car.

The City's "Motion to Dismiss" does not address the due process issue as a de facto forfeiture that is imposed without process of any sort. Instead the City relies on Jones and insists the court is duty bound to dismiss based on Jones. But Jones did not address the

issue that is now before this Honorable Court. In <u>Jones</u> the question presented was whether a car owner is entitled to an interim hearing, one that takes place after the seizure but before the forfeiture trial. The Seventh Circuit held that no such hearing is required. <u>Jones</u>, 38 F.3d at 323-24. While that holding is problematic, ( <u>Krimstock v. Kelley</u>, 306 F.3d 40 (2nd Cir. 2002) and <u>Krimstock v. Kelley</u> 464 F.3d 246 (2nd Cir. 2006)) Plaintiff's case differs markedly from <u>Jones</u>.

The <u>Jones</u> Court held that the only process that is due in forfeiture cases is the forfeiture trial, whenever it finally occurs. <u>Jones</u>, 38 F. 3d at 324. <u>Jones</u> did not hold that a municipality can affect a de facto forfeiture by holding a car and charging fees that make recapturing possession impossible. Nor did <u>Jones</u> hold that de facto forfeitures are allowed without a forfeiture trial. The essential premise of <u>Jones</u> was that a forfeiture trial could alleviate the harm done between the seizure and the trial. Plaintiff Cancel has alleged that her car is subject to forfeiture and there never will be a trial. The harm inflicted on her cannot be cured because the system does not provide for a trial.

The system is topsy turvy. When the authorities think there is evidence warranting forfeiture, a trial will be scheduled. 720 ILCS 5/36-1. Without conceding the system is constitutional when forfeiture is officially pursued, at least some process is provided, however untimely it might be. But when the City chooses not to request a forfeiture, the car owner is left without a remedy. She must pay the fees or lose the car. Her actual innocence, her ability to pay and the lawfulness of the seizure are not taken into account

at anytime by anyone. <u>Jones</u> does not authorize forfeitures without trials. <u>Jones</u> presupposes a forfeiture trial will be held, but none was or will be held for Plaintiff Cancel.

The practical consequences of this upside down system are noteworthy.  The City benefits when no trial is held. Storage fees mount daily without litigation costs or the worrisome uncertainties of a trial. The City collects the fee or keeps the car, a win-win system, albeit an unconstitutional one.

The City has not and cannot identify any case that allows a municipality to impose a de facto forfeiture, disguised as an administrative fee, without any hearing at any time. See <u>United States v. Premises Known as 608 Taylor Avenue</u>, 584 F2d 1297, 1302 (3rd Cir. 1978) - holding that de facto forfeitures are not allowed.  As the Seventh Circuit explained in <u>Lee v. City of Chicago</u>, 330 F3d 456, 466 (7th Cir. 2003), "the government should not, by virtue of its authority to seize, effect de facto forfeitures..." The <u>Lee</u> Court also cited with approval <u>Stypman v. City & County of San Francisco</u>, 557 F2d 1338, 1342-43 (9th Cir. 1977) where the court held that a municipal practice imposing storage costs and towing fees violated due process because the municipality did not provide a timely hearing to contest those fees and costs. <u>Lee</u> was decided after <u>Jones,</u> and <u>Lee</u> discussed the imposition of towing fees and costs as penalties that require a hearing. <u>Jones</u> is silent on this point so, contrary to the City's contentions, <u>Jones</u> is not applicable here.

**B.**

**PLAINTIFF HAS ALLEGED A DUE PROCESS CLAIM**

The Due Process Clause ordinarily requires a judicial determination of probable cause before property is confiscated by the government. Goldberg v. Kelly, 397 U.S. 254, 263-71, 25 L. Ed. 2d 287 (1970); Cleveland Board of Education v. Loudermill, 470 U.S. 532, 84 L. Ed.2d 494 (1985) Plaintiff, however, agrees that pre-seizure hearings are not necessary when the police seize personal property for forfeiture. That being the case, Plaintiff was entitled to a prompt post-seizure hearing. North Georgia Finishing v. Di-Chem, 419 U.S. 601, 606, 42 L.Ed.2d 751 (1975); Sniadach v. Family Finance Corp., 395 U.S. 337, 339, 23 L.Ed.2d 349 (1969). Her right to a hearing derives from the Supreme Court's ruling in Mathews v. Eldridge, 424 U.S. 319, 47 L.Ed 2d 18 (1976).

The Court in Mathews established a three factor test that is applied whenever the issue is whether a property owner is entitled to a post deprivation hearing. See e.g., Bell v. Burson, 402 U.S. 535, 29 L.Ed.2d 90 (1971); Gilbert v. Homar, 520 U.S. 924, 138 L.Ed.2d 120 (1997)  First, the court must consider the personal interest that is affected by the  prolonged detention. Mathews, 424 U.S. at 332-36. Second, the court must evaluate the risk of an erroneous deprivation. Id. Third, the court must take into account the nature of the government's interest.  Id.  It does not matter whether real or personal property is involved. Fuentes v. Shevin, 407 U.S. 67, 96-98, 32 L.Ed.2d 550 (1972). Mathews is the orthodox standard by which all but a few procedural due process cases are measured and,

of greatest importance to the current inquiry, Mathews applies to forfeiture actions. United States v. James Daniel Good Realty, 510 U.S. 43, 126 L.Ed.2d 490 (1993).

To establish a procedural due process violation, Plaintiff must show that: (1) the government deprived her of a protected property interest and (2) the deprivation occurred without adequate procedural safeguards. Cafeteria and Restaurant Workers Union v. McElroy, 367 U.S. 886 L.Fd2d (1961). Plaintiff's car was confiscated by the police and the City has not returned the car. Even now the City is holding Plaintiff's car ransom and demanding thousands of dollars in "fees and costs" to secure the release of the car. Plaintiff, therefore was deprived of a constitutionally protected property right. Fuentes v. Shevin, 407 U.S. 67, 96-98, 32 L. Ed. 2d 556 (1972)); Goss v. Lopez, 419 U.S. 565, 576, 42 L. Ed. 2d 725 (1975).

When the government seizes a car, a prompt post-seizure hearing is a constitutional necessity. See Propert v. District of Columbia, 948 F.2d 1327, 1332-33 (D.C. Cir.1991); Draper v. Coombs, 792 F. 2d 915, 923 (9th Cir. 1986)  Although there is no fixed national timetable, the consensus is that a hearing must be held within a few days following the seizure of a car. Goichman v. Rhueban Motors Inc., 682 F.2d 1320, 1323-24 (9th Cir. 1982) ; Stypman v. City and County of San Francisco, 557 F. 2d 1338, 1344 (9th Cir. 1977).

In Coleman v. Watt, 40 F.3d 255, 261 (8th Cir. 1994) the Eighth Circuit held that when a car is seized a post-deprivation delay of more than seven days without a

hearing violates due process. A similar result was reached by the Ninth Circuit in Goichman v. Rhueban Motors Inc., 682 F.2d 1320, 1323-24 (9th Cir. 1982) and Stypman v. City and County of San Francisco, 557 F. 2d 1338, 1344 (9th Cir. 1977) - "A five-day delay in justifying detention of a private vehicle is too long. Days, even hours, of unnecessary delay may impose onerous burdens upon a person deprived of his vehicle ..." The Fifth Circuit upheld slightly longer delays but only because the car owner could immediately post bond and secure the release of the car pending trial. Breath v. Cronvich, 729 F.2d 1006,1011 (5th Cir. 1984).

Three times in the last five years the Second Circuit has addressed the same issue and each time the court held that car owners are entitled to a post-seizure hearing within days of the seizure of their cars. Those holdings are instructive as related precedent and compelling in their analysis of the issue.

In Krimstock v. Kelly, 306 F.3d 40 (2nd Cir. 2002) (Krimstock I) the Court addressed this issue, applied Mathews, and held that citizens are entitled to a post-seizure hearing, even though the government planned to file a forfeiture complaint. The forfeiture scheme at issue in Krimstock I was substantially the same as the Illinois forfeiture law. Motor vehicles were seized from "those accused of driving while intoxicated," and in other circumstances "for which a motor vehicle could be considered an instrumentality" of the crime. Krimstock I, 306 F. 3d at 43. After the seizure, the car remained in the city's possession "in the hope of one day ... prevailing in civil forfeiture

proceedings." Id., at 44.

The Krimstock I plaintiffs did not challenge the legality of the seizure nor were they seeking dismissal of the forfeiture proceedings. They instead maintained "that their inability to challenge, promptly ... the legitimacy of and justification for the City's retention of the vehicles prior to judgment in any civil forfeiture proceeding [violated] their constitutional rights." Id. The Second Circuit's response was, "We agree." Id. And so it should be in Plaintiff's case. The only relevant distinction between New York's forfeiture ordinances and the Illinois act is that vehicle owners could compel the city of New York to file the forfeiture complaint within 25 days. Krimstock I, 306 F. 3d at 45. In Illinois, when the car is seized pursuant to Article 36, and then belatedly offered for return upon payment of fees, there is no right to compel a hearing because there is no right to a hearing.

The Krimstock I court began it's analysis of the Mathews criteria by noting that, "Although there is an obvious overlap between probable cause for seizure and the probable validity of a retention, the two are not necessarily coextensive." Id., at 49. Even if the constitutionality of the seizure is not disputed, the "probable validity" of the continued retention of the car implicates the Due Process Clause. The Krimstock I court also noted that many states require hearings within a few days of the seizure of a car, given the importance of a family's car as the primary means of transportation. Id. For that reason, the Krimstock I court concluded that with respect to the first Mathews criteria, the

owner's "private interest" was substantial and required protection under the Due Process Clause. Id., at 62, 63.

As for the second Mathews factor – the risk of an erroneous deprivation – the Krimstock I court explained, "Neither the arresting officer's unreviewed probable cause determination nor a court's ruling in the distant future on the merits of the City's forfeiture claim can fully protect against an erroneous deprivation..[while] the vehicle stands idle in a police lot for months or years." Id., at 62. The risk of an erroneous deprivation is significant since "[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights." Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 170-72 (1951) (Frankfurter, J., concurring). Fair assessments of the merits of a case cannot be made based on ex parte showings even when the decision maker is neutral. Doehr, 115 L.Ed.2d at 15. But when the government "has a direct pecuniary interest in the outcome of the proceeding" (Good, 510 U.S. at 55, 56), as it does in forfeiture cases, the risk of error is "heightened." Krimstock I, 306 F. 3d at 51.

In Illinois, as in New York, the initial decision makers (the police who seize the car) are not neutral; they have a vested interest in the outcome of the forfeiture proceeding. Any property which is seized will result in daily storage costs, the legitimacy of which never can be tested, and the fees that are paid go to the City of Chicago.

As for the Government's interest, Mathews' third factor, the Krimstock I court held that it was not insubstantial but did not justify months of post-seizure delay. The

Krimstock I court held that the Due Process Clause requires a prompt, post-seizure hearing to determine the probable validity of the continued detention of the car. The district court's order dismissing the complaint was vacated and the case was remanded for further proceedings in accordance with Mathews. The purpose of the remand was to develop the facts and establish a timetable for post-seizure, "probable validity" hearings.

On remand in Jones v. Kelly, 378 F. 3d 198 (2nd Cir. 2004) (Krimstock II) the evidence was developed and the district court ordered hearings before an administrative tribunal within ten business days of seizure. The Second Circuit, however, remanded the case to develop the record with respect to cars that were being held "as evidence." Krimstock II, 378 F. 3d at 202-05. After more evidence was presented during the second remand, the district court excluded from the ten day rule those vehicles that were being held "as evidence." The district court however held that prosecuting attorneys must submit affidavits to the administrative tribunal explaining why the car was "evidence."

The car owners appealed resulting in Krimstock III. Again the Second Circuit applied the Mathews due process criteria and again the court held that "some immediate judicial review of the retention is required." Krimstock III, 464 F. 3d at 255. The Krimstock cases held, consistent with all other reported cases, that a municipality must provide some form of prompt post seizure hearing. These cases require hearings within days of the seizure even when a forfeiture trial will be held at a later date. Plaintiff has alleged a system which does not provide for a hearing at any time. In that respect

Plaintiff's case is more compelling than the Krimstock cases. Therefore the City's "Motion to Dismiss" should be denied.

### C.

### PLAINTIFF HAS ALLEGED A VIOLATION OF THE EXCESSIVE FINES CLAUSE

Plaintiff also has alleged facts sufficient to state a claim under the Excessive Fines Clause of the Eighth Amendment. United States v. Bajakajian, 524 U.S. 321,141 L.Ed. 2d 314 (1998) In Bajakajian the Court held that forfeiture of an amount disproportionate to the offense can violate the Excessive Fines Clause, even when the offense itself is not disputed. Administrative fees are not traditionally considered punishment but de facto forfeitures can "constitute punishment for an offense." Bajakajian 524 U.S. at 328. Labeling the charges imposed as "storage fees" does not preclude finding that the "fees" are really revenue generating punishments. Department of Revenue of Montana v. Kurth Ranch et al , 511 U.S. 767, 128 L.Ed. 2d 767 (1994); United States v. Halper, 490 U.S. 435, 104 L.Ed. 2d 487 (1989). If Plaintiff can establish that the towing and storage fees are punitive, the alleged de facto forfeiture falls when the purview of the Excessive Fines Clause. Austen v. United States, 509 U.S. 602, 621-22, 124 L.Ed 2d. 488 (1993) "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportionate to the gravity of a defendant's offense." Bajakajian, 524 U.S. at 334. Therefore, Plaintiff also has alleged an Eighth Amendment claim for a violation of the Excessive Fines Clause.

For all of these reasons the Court should deny the Motion to Dismiss.

                                                     Respectfully submitted,

                                                     S/ Thomas Peters
                                                     THOMAS PETERS
                                                     MARY F. DeSLOOVER
                                                     KEVIN PETERS
                                                     407 S. Dearborn, Suite 1675
                                                     Chicago, IL 60605