**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DISENIA CANCEL,<br><br>                 *Plaintiff*,<br><br>     *vs.*<br><br>CITY OF CHICAGO and JODY WEIS,<br>SUPERINTENDENT of POLICE,<br><br>                *Defendants*. | No. 08 C 951<br><br>Judge Milton I. Shadur |

## ANSWER TO CLASS ACTION COMPLAINT

Defendant City of Chicago and Jody Weis, Superintendent of Police ("Defendants"), by and through its undersigned counsel answers the Class Action Complaint of Plaintiff Disenia Cancel ("Plaintiff") as follows:

### COUNT I

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Count I.

2.    Defendant, Jody Weis, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

**ANSWER:**    Defendants admit that Jody Weis is the Superintendent of the Chicago Police Department ("CPD") and is being sued in his official capacity. Defendants deny the remaining allegations contained in Paragraph 2 of Count I.

3.      Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Weis.

**ANSWER:**   Defendants admit the allegations contained in paragraph 3 of Count I.

4.      This suit is brought pursuant to 42 U.S.C. 1983 for violations of the Plaintiff's constitutional right to a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**   Defendants admit that this suit is purportedly brought pursuant to the statutory provisions of 42 U.S.C § 1983 for alleged violations of the Plaintiff's constitutional and civil rights.  Defendants deny that they have violated the Fifth and Fourteenth Amendments of the Constitution of the United States, the statutory provisions of 42 U.S.C § 1983, or Plaintiff's constitutional or civil rights.

5.      All of the acts alleged herein were made under color of state law.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Count I.

6.      The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

**ANSWER:**   Defendants admit the Plaintiff purports to alleged claims which would confer jurisdiction on this Court pursuant to 28 U.S.C. § 1343 and that venue is appropriate as the complaint alleges acts which purportedly occurred in Cook County, Illinois.

## THE FORFEITURE SYSTEM

7.      Chicago police officers acting under color of state law and pursuant to the express and de facto practices and policies of the City of Chicago and Superintendent Weis are authorized to seize motor vehicles for specified non-narcotics offenses.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 7 of Count I.

8.      The seizures at issue here purportedly are made pursuant to 720 ILCS 5/36-1 (Article 36).

**ANSWER:**    Defendants admit the allegations contained in Paragraph 8 of Count I.

9.      Article 36 requires the City of Chicago, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Cook County.

**ANSWER:**    Defendants admit that Article 36 provides that vehicles may be seized in certain circumstances and delivered "forthwith" to the Sheriff of the County of the seizure.

10.     The policy and practice of the City of Chicago is to delay delivery of Article 36 seizures for thirty or more days.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 10 of Count I.

11.     During that time, the City will not release the seized vehicle to the registered owner.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Count I.

12.     During that time, neither the City nor Weis will allow the registered owner to post bond and secure the release of the seized vehicle.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Count I.

13.     During that time, neither the City nor Weis provides any opportunity for a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 13 of Count I.

14.     As a result of the delays built into the policy and practice described above, more than thirty days elapse without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

**ANSWER:** Defendants deny the allegations contained in Paragraph 14 of Count I.

15. As a result of the delays built into the policy and practice described above, more than thirty days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

**ANSWER:** Defendants deny the allegations contained in Paragraph 15 of Count I.

## THE SYSTEM APPLIED TO PLAINTIFF

16. On or about January 4, 2008, Plaintiff's Dodge Stratus was seized by Chicago police officers. Plaintiff was a passenger in the vehicle and she did not personally violate any law of the state of Illinois or any ordinance of the City of Chicago.

**ANSWER:** Defendants admit the allegations contained in the first sentence of Paragraph 16 of Count I. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Count I.

17. Plaintiff was ill at the time so she was being driven to the hospital for medical care.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Count I.

18. Plaintiff's husband was driving the car because he believed it was a medical emergency and he and Plaintiff could not afford the cost of an ambulance.

**ANSWER:** Defendants admit that Willie Garcia was driving the vehicle at issue. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Count I.

19. Plaintiff's husband was stopped by Chicago police officers and issued a ticket for driving on a suspended or revoked license.

**ANSWER:** Defendants admit that Willie Garcia was stopped by the CPD officers and was issued traffic citations, including driving on a suspended or revoked license. Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of Count I.

20. The ticketing officers then had Plaintiff's car towed for violation of a City ordinance.

**ANSWER:** Defendants admit that CPD officers transported the vehicle from the location where it was stopped to the CPD's 25th District station. Defendants deny that Plaintiff's car was towed for violation of a City ordinance.

21. Plaintiff later posted the requisite cash bond, as allowed by the City ordinance, and secured the release of the vehicle based on the City ordinance violation.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Count I.

22. The car was driven to Plaintiff's home. Once there, Chicago police officers again towed the car, this time for an alleged violation of Article 36.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to whether the car was driven to Plaintiff's home. Defendants admit that Chicago police officers had the vehicle towed pursuant to Article 36 on January 5, 2008. Defendants deny the remaining allegations contained in Paragraph 22 of Count I.

23. When a car is towed pursuant to Article 36, Defendants' policy and practice is to charge a towing fee and daily storage fees.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Count I.

24. Since Plaintiff's car was now being held pursuant to Article 36, Defendants' policy and practice prohibit release of the vehicle until Defendants have decided whether they will seek forfeiture of the vehicle pursuant to Article 36.

**ANSWER:** Defendants deny Plaintiff's vehicle is being held pursuant to Article 36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Count I.

25. During that time (30 days or more) Defendants do not allow owners to post bond and do not provide hearings to determine the validity of the continued detention of the seized vehicle.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Count I.

26. Plaintiff was ready, willing, and able to pay the second towing fee and pay the additional storage costs when her car was towed for the alleged Article 36 violation.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Count I.

27. Defendants, acting through their agents and employees and consistent with Defendants' policy and practice, refused to release the car to Plaintiff when Plaintiff offered to pay the second towing fee and the new (Article 36) storage fees.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Count I.

28. On or about February 8, 2008, agents of the City advised Plaintiff that her vehicle would not be subject to forfeiture but her car would not be released until she had paid all of the accumulated towing and storage fees, more than one thousand dollars.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Count I.

29. From on or about January 5, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the custody of the City pursuant to Defendants' Article 36 policy and practice.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Count I.

30. As a result of Defendants' policy and practice, Plaintiff now owes more than one thousand dollars in storage fees and, other than paying those fees, Plaintiff cannot secure the release of her vehicle.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Count I.

31. Plaintiff is not currently able to pay the accumulated fees and costs and therefore cannot retrieve her car.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Count I.

32. Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 32 of Count I.

## COUNT II

## CLASS ACTION

1-32. Plaintiff re-alleges paragraphs 1-32 of Count I as paragraphs 1-32 of Count II.

**ANSWER:**   Defendants alleged their answers to Paragraphs 1-32 of Count I as their answers to Paragraphs 1-32 of Count II.

33. Plaintiff represents a class of persons who have had, or will have, motor vehicles seized by Chicago police officers pursuant to Article 36 during the last two years.

**ANSWER:**   Defendants admit that Plaintiff seeks to represent a putative class of persons. Defendants deny the remaining allegations contained in Paragraph 33 of Count II.

34.　　Plaintiff believes the number of potential class members exceeds 5,000 (five thousand) persons annually.

**ANSWER:**　　Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Count II.

35.　　As to this class, the Defendants have engaged in a common course of conduct and a common question of law will resolve all their claims.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 35 of Count II.

36.　　The common issue of constitutional law is whether a person from whom a vehicle is seized by a police officer, without a warrant, has the right to a prompt post-seizure determination of probable cause to continue to detain the seized property. Or, in the alternative, whether the vehicle owner must be afforded the opportunity to post bond to secure the release of the seized vehicle.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 36 of Count II.

37.　　The named Plaintiff's claim is typical of the claims of all other class members.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 37 of Count II.

38.　　Plaintiff will fairly and adequately represent and protect the interest of the class.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 38 of Count II.

39.　　Plaintiff and her counsel can fairly and adequately represent the class.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 39 of Count II.

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against Plaintiff, award Defendants their attorneys' fees and costs incurred in defending this action, and for such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### Failure to State a Claim

Plaintiff has failed to state a claim upon which relief may be granted.

### Monell

Plaintiff's claim under 42 U.S.C. § 1983 is barred in whole, or in part, by *Monell v. Department of Social Services of city of New York*, 436 U.S. 658 (1978), and its progeny.

### Policymaker

Plaintiff's claim under 42 U.S.C. § 1983 is barred in whole, or in part, because the Superintendent is not a final policymaker for the City for the policies at issue.

### JURY DEMAND

Defendants demand a trial by jury.

Dated: May 2, 2008                                   Respectfully submitted,

                                                     **THE CITY OF CHICAGO** and
                                                     **SUPERINTENDENT JODY WEIS**

                                                     By:

                                                     s/ Allan T. Slagel
Allan T. Slagel (#6198470)                           One of their Attorneys
aslagel@shefskylaw.com
Heather A. Jackson (#6243164)
hjackson@shefskylaw.com
Sherri L. Thornton-Pierce (#6285507)
sthornton@shefskylaw.com
SHEFSKY & FROELICH LTD.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:    (312) 527-4000
Facsimile:    (312) 527-4011
1081808_3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DISENIA CANCEL,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF CHICAGO and JODY WEIS,<br>SUPERINTENDENT of POLICE,<br><br>*Defendants.* | No. 08 C 951<br><br>Judge Milton I. Shadur |

**CERTIFICATE OF SERVICE**

The undersigned states under penalties as provided by law and certifies that a true and correct copy of the foregoing **ANSWER TO CLASS ACTION COMPLAINT** was served upon:

Robert Clancy Cotter
Attorney at Law
407 South Dearborn, #1675
Chicago, Illinois 60605

via First-Class U.S. Mail, and

Thomas Peters
Kevin Peters
Mary DeSloover
Law Offices of Thomas Peters
407 South Dearborn
Suite 1675
Chicago, Illinois 60605

by CM ECF electronic notification this 2nd day of May, 2008.

s/ Allan T. Slagel