IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISENIA CANCEL and ISMAEL CANCEL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 08 C 951 |
| v. | ) |
| | ) |
| CITY OF CHICAGO and JODY WEIS, | ) Honorable Milton Shadur, |
| SUPERINTENDENT of POLICE, | ) Presiding |
| Defendants | ) |

## MOTION TO FILE AMENDED COMPLAINT

Plaintiffs through their attorneys, Thomas Peters, Mary DeSloover, and Kevin Peters, respectfully request leave to file an Amended Complaint. In support of this motion Plaintiffs state:

1. Disenia Cancel filed her complaint (Doc. No. 1) on February 14, 2008. A week later she filed a Motion to Certify Class (Doc. No. 12) and a Memorandum in Support of Class Certification. (Doc. No. 14)

2. The Defendants filed a Motion to Dismiss on March 13, 2008 (Doc. No. 19) which was then fully briefed. (Doc. Nos. 20, 25)

3. On April 17, 2008, the Court denied the Motion to Dismiss (Doc. No. 28) and on May 2, 2008, the Defendants filed their Answer. (Doc. No. 31)

1

4. This motion is brought pursuant to Rule 15 of the Federal Rules of Civil Procedure.

5. This is Plaintiffs' first request to amend the complaint and the proposed Amended Complaint is attached as Exhibit 1.

6. The Amended Complaint includes minor, non-substantive changes with respect to the original Plaintiff, Disenia Cancel.

7. A new Plaintiff, Ismael Cancel, is added in the Amended Complaint.

8. His claim, like Disenia's claim, includes two due process issues. First, he was entitled to a prompt, post-seizure hearing at which the City had the burden of proving probable cause to detain the impounded property. In that respect, his claim, as well as Disenia's claim, are governed by the Seventh Circuit's recent opinion in Smith v. City of Chicago, 524 F.3d 834 (7th Cir. 2008) Second, the notice the City provided to Ismael, while slightly different than the notice given to Disenia, is misleading and constitutionally inadequate. See Exhibit 2 - Order entered in Krimstock v. Kelly, 506 F.3d 249 (S.D.N.Y. 2007) - describing a constitutionally sound due process policy and the notice that is provided.

9. Although Ismael's claim results from the City's policy with respect to evidence that is held for "investigation" rather than for Article 36 forfeiture, the due process issues are the same. See Krimstock v. Kelly, 464 F.3d 246 (2nd Cir. 2006) and Krimstock v. Kelly, 506 F.Supp. 249 (S.D.N.Y. 2007) - holding that neither police nor prosecutors may

impound seized property as evidence without prompt, post-seizure judicial review.

10. Since the Defendants' policy is subject to the same due process considerations and discovery was only recently commenced, allowing leave to amend is entirely reasonable.

WHEREFORE, Plaintiffs pray the Court will grant them leave to file their proposed Amended Complaint.

Respectfully submitted,

S/ Thomas Peters
THOMAS PETERS
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiffs
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(312) 697-0022

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DISENIA CANCEL and ISMAEL CANCEL,   )
                                     )
        Plaintiffs,                  )
                                     ) No. 08 C 951
    v.                               )
                                     )
CITY OF CHICAGO and JODY WEIS,       ) Honorable Milton Shadur,
SUPERINTENDENT of POLICE,            ) Presiding
        Defendants                   )

## EXHIBIT 1

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISENIA CANCEL and ISMAEL CANCEL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 08 C 951 |
| v. | ) |
| | ) |
| CITY OF CHICAGO and JODY WEIS, | ) Honorable Milton Shadur, |
| SUPERINTENDENT of POLICE, | ) Presiding |
| Defendants | ) |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs through their attorneys, THOMAS PETERS, ROBERT COTTER, MARY DE SLOOVER, and KEVIN PETERS, state:

### COUNT I - DISENIA CANCEL

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Disenia Cancel, is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Weis.

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's (Disenia Cancel) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

## ARTICLE 36

## THE FORFEITURE SYSTEM

7. Chicago police officers acting under color of state law, and pursuant to the express and de facto practices and policies of the City of Chicago and Superintendent Weis, are authorized to seize motor vehicles for specified non-narcotics offenses.

8. The seizures at issue here purportedly are made pursuant to 720 ILCS 5/36-1. (Article 36).

9. Article 36 requires the City of Chicago, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Cook County.

10. The policy and practice of the City of Chicago, as implemented and enforced by Weis, is to delay delivery of Article 36 seizures to the Sheriff for thirty or more days.

11. During that time, the City will not release the seized vehicle to the registered owner.

12. During that time, neither the City nor Weis will allow the registered owner to post bond and secure the release of the seized vehicle.

13. During that time, neither the City nor Weis provides a hearing to determine whether there is reason to believe the seized vehicle actually is subject to Article 36 forfeiture.

14. During that time, neither the City nor Weis provides reasonable notice to vehicle owners of the owners' right to a prompt post-seizure hearing.

15. As a result of the constitutionally defective notice and the delays built into the policy and practice described above, more than thirty days elapse without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

16. As a result of the delays built into the policy and practice described above, more than thirty days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

## THE SYSTEM APPLIED TO PLAINTIFF

17. On or about January 3, 2008, Plaintiff's (Disenia Cancel) Dodge Stratus was seized by Chicago police officers. Plaintiff (Disenia Cancel) was a passenger in the vehicle and she did not personally violate any law of the state of Illinois or any ordinance of the City of Chicago.

18. Plaintiff (Disenia Cancel) was ill at the time so she was being driven to the

3

hospital for medical care by her husband.

19. Plaintiff's husband was driving the car because he believed it was a medical emergency.

20. Plaintiff's husband was stopped by Chicago police officers and issued a ticket for driving on a suspended or revoked license.

21. The ticketing officers then had Plaintiff's (Disenia Cancel) car towed for violation of a City ordinance.

22. Plaintiff later posted the requisite cash bond, as allowed by the City ordinance, and secured the release of the vehicle based on the City ordinance violation.

23. The car was driven to Plaintiff's home by Plaintiff. Once there, Chicago police officers again towed the car, this time for an alleged violation of Article 36.

24. When a car is towed pursuant to Article 36, Defendants' policy and practice is to charge a towing fee and daily storage fees and to issue a Notice that is incomplete, inaccurate, and misleading. (Exhibit 1).

25. While Plaintiff's (Disenia Cancel) car was now being held pursuant to Article 36, Defendants' policy and practice prohibited release of the vehicle until Defendants decided whether they would seek forfeiture of the vehicle pursuant to Article 36.

26. During that time (30 days or more) Defendants did not inform Plaintiff of her right to a prompt post-seizure hearing, did not allow her to post bond, and did not provide

4

a hearing to determine the validity of the continued detention of the seized vehicle.

27. Plaintiff (Disenia Cancel) was ready, willing, and able to pay the second towing fee and pay the additional storage costs, when her car was towed for the alleged Article 36 violation.

28. Defendants, acting through their agents and employees and consistent with Defendants' policy and practice, refused to release the car to Plaintiff when Plaintiff offered to pay the second towing fee and the new (Article 36) storage fees.

29. On or about February 8, 2008, agents of the City advised Plaintiff that her vehicle would not be subject to forfeiture, but her car would not be released until she had paid all of the accumulated towing and storage fees, more than one thousand dollars at that time.

30. From on or about January 4, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the custody of the City pursuant to Defendants' Article 36 policy and practice.

31. As a result of Defendants' policy and practice, Plaintiff now owes more than two thousand dollars in storage fees. Plaintiff cannot secure the release of her vehicle unless she pays those fees and costs.

32. Plaintiff (Disenia Cancel) is not currently able to pay the accumulated fees and costs and therefore cannot retrieve her car. The accumulated fees and costs now exceed the actual value of the car.

5

33. Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

Wherefore, Plaintiffs pray the Court will a) declare that Plaintiffs have a due process right to a prompt post-seizure probable cause hearing or the opportunity to post reasonable bond; b) declare that the Defendants must hold a post-seizure, probable cause hearing within ten business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for weeks without a judicial determination of probable cause; d) declare that the notice the City currently issues is constitutionally inadequate; e) order the City to prepare and issue a new notice; and f) award reasonable damages, costs, and attorneys fees.

## COUNT II - ISMAEL CANCEL

1. Plaintiff, Ismael Cancel, is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Weis.

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's (Ismael Cancel) constitutional right to reasonable notice and a prompt post-seizure

6

probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

7. On or about January 10, 2008, Plaintiff (Ismael Cancel) was the owner of a vehicle that was seized by Chicago police officers.

8. Acting pursuant to a policy and practice of the City of Chicago, as implemented and enforced by Defendant Weis, Plaintiff (Ismael Cancel) was issued a vehicle hold notice. (See attached Exhibit 2).

9. The notice that the City issued to Plaintiff (Ismael Cancel) is constitutionally defective in that it does not provide meaningful notice of the rights of the vehicle owner following the seizure of a vehicle.

10. Plaintiff (Ismael Cancel) had the right to a reasonably prompt, post-seizure hearing.

11. The Defendants failed to provide any hearing during the first ten days.

12. To the extent any "hearing" is offered, the hearing is not before a judicial officer.

13. Defendants, acting in accordance with their policy, charge towing and storage fees for vehicles that are hold "for investigation."

14. Defendants' policy with respect to vehicles that are impounded "for investigation" violates the Due Process Clause in that a) Defendants fail to provide meaningful notice to owners of the owners' rights; b) Defendants detain the vehicles without a judicial determination of probable cause; and c) Defendants fail to provide a reasonably prompt, post-seizure hearing.

WHEREFORE, Plaintiff (Ismael Cancel) prays the Court will award him damages, costs, and reasonable attorney's fees.

Respectfully submitted,

S/ Thomas Peters
THOMAS PETERS
KEVIN PETERS
ROBERT COTTER
MARY DeSLOOVER
ATTORNEYS FOR THE PLAINTIFFS
407 S. Dearborn, Suite 1675
Chicago, IL 60605
312-697-0022

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISENIA CANCEL and ISMAEL CANCEL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 08 C 951 |
| v. | ) |
| | ) |
| CITY OF CHICAGO and JODY WEIS, | ) Honorable Milton Shadur, |
| SUPERINTENDENT of POLICE, | ) Presiding |
| Defendants | ) |

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
VALERIE KRIMSTOCK, et. al., individually
and on behalf of all other persons similarly situated,

                                Plaintiffs,

                - against -

99 Civ. 12041 (HB)

**THIRD AMENDED ORDER & JUDGMENT**

RAYMOND KELLY, in his official capacity as
Commissioner of the New York City Police
Department, PROPERTY CLERK, New York City
Police Department, and THE CITY OF NEW YORK,

                                Defendants,

                - and -

The DISTRICT ATTORNEYS of the City of New York,

                                Intervenor.
----------------------------------------x

Hon. HAROLD BAER, JR., District Judge:

      1.     This Third Amended Order and Judgment amends the Second Amended Order and Judgment entered by Judge Michael Mukasey in this action on December 2, 2005. See Second Amended Order & Judgment, Krimstock v. Kelly, No. 99-cv-12041, Dec. 2, 2005 (S.D.N.Y.) (Mukasey, J.) ("Second Amended Order").

      2.     Plaintiffs represent a class consisting of all persons whose vehicles have been seized by the New York City Police Department upon arrest, and kept in police custody for a prospective or pending action to forfeit such vehicles as the alleged instrumentalities of crimes, or as evidence. See Second Amended Order, ¶ 1.

The "Krimstock" Hearing

      3.     Following seizure of a vehicle, at the time of the driver's arrest, as evidence of a crime or as the instrumentality of a crime, a claimant, as described in paragraph 6 below, who is entitled to possession of such vehicle, may contest such

seizure at a hearing (i.e, the "Krimstock hearing") to be held at defendant City of New York's (the "City") Office of Administrative Trials and Hearings ("OATH") pursuant to the OATH Rules of Practice to the extent such rules are not in conflict with the terms of this Order and Judgment. Such "Krimstock hearing" will provide the claimant with an opportunity to be heard, either in person or through counsel, as to three issues: whether probable cause existed for the arrest of the vehicle operator; whether it is likely that the City will prevail in an action to forfeit the vehicle; and whether it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture. The burden of proof by a preponderance of the evidence as to these issues will be upon the Police Department, and the OATH judge may consider such hearsay and other evidence as that judge may consider reliable. The OATH judge will decide those issues by a statement of findings on the record, or by a written statement to be made a matter of record, not later than three business days following the close of evidence and the completion of argument, if any, at the hearing, unless both parties have consented on the record or in writing to extend the time for such statement. Absent a timely finding by the OATH judge that the Police Department has met the burden of proof as to the issues at the hearing, the vehicle shall be released to the claimant within 10 days, without prejudice to further proceedings, including a forfeiture proceeding. Any decision made by an OATH judge shall not be binding in any way upon the Criminal or Supreme Court in any proceeding. Likewise, any legal or factual theory advanced at the OATH hearing by the prosecution or Police Department shall not be binding, nor limiting in any way, upon any decision, trial strategy or issue advanced in the Criminal or Supreme Court.

Notice of "Krimstock" Hearing

    4.    Notice of the right to a hearing will be provided at the time of seizure by attaching to the voucher already provided to the person from whom a vehicle is seized a notice, in English and Spanish, as set forth below. A copy of which notice will also be sent by mail to the registered and/or titled owner of the vehicle within five business days after the seizure. The notice will appear in type at least as large as the largest entry elsewhere on the form, but in no event smaller than 8-point type, and will read as follows:

### NOTICE OF RIGHT TO A RETENTION HEARING

"You are entitled to a hearing to determine whether it is valid for the Property Clerk to retain the vehicle seized in connection with an arrest. Please complete this form, make and keep a copy for yourself, and deliver or mail the completed original form to **NYPD Legal Bureau, 2 Lafayette Street, 5th Floor, New York, New York 10007, Attention: Vehicle Seizure Unit.** When the form is received, you will be notified of the date, time and place of your hearing, which will be held within 10 days of receipt of this form. The NYPD Legal Bureau will do its best to accommodate your schedule by having the hearing on a date when you are available. Please indicate in the space provided below the date(s), if any, within the next four weeks following receipt of this form, when you are NOT available to attend a hearing. The hearing will be held at the Office of Administrative Trials and Hearings, located at 40 Rector Street, 6th Floor, New York, New York 10006, telephone number (212) 442-4000. The hearing will provide you with an opportunity to be heard, either yourself or through your attorney, with respect to three issues: (1) whether probable cause existed for the arrest of the vehicle operator; (2) whether it is likely that the City will prevail in an action to forfeit the vehicle; and (3) whether it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture. The burden of proof by a preponderance of the evidence as to each of these issues will be on the Police Department, and the judge may consider such hearsay and other evidence as the judge may consider reliable. If the Police Department proof is insufficient as to any of these issues, the vehicle will be returned to the claimant within 10 days. Additionally, a claimant who is an owner may present an "innocent owner" defense, namely that in some instances, a vehicle may not be forfeited if its owner did not know or have reason to know that the vehicle would be used in the commission of a crime. Only one person may appear as claimant, and if more than one of these forms is received by the Police Department, priority will go to the registered owner of the vehicle.

However, such hearing shall not be held if there is an intervening order by a Judge of the Criminal Court or a Justice of the Supreme Court that the vehicle is to be held as evidence in a criminal proceeding (a "Retention Order"). If a Retention Order is issued, you have the right to move to vacate or modify that Order in the Court from which it was issued."

<u>Demand for "Krimstock" Hearing</u>

5.     The claimant of a seized vehicle has the right to a hearing at OATH, which will commence on a date and at a time, as fixed by the Police Department within 10 business days after receipt by the Police Department of a written demand for such a hearing on the form to be provided by the Police Department and in accordance with the

3

instructions set forth thereon, unless the date for such hearing shall have been extended by OATH upon a showing of good cause by either party. If the Police Department receives more than one such written demand, the timing of the hearing will be governed by the receipt of the first such written demand. If a written demand is mistakenly directed to the District Attorney, the District Attorney shall immediately forward such demand to the Police Department.

The Police Department will notify OATH, the claimant and the relevant District Attorney of the date of the hearing in a notice to be sent by mail, email, or fax within two business days after receipt of the written demand for a hearing, to the addresses specified for such notice by the claimant and the District Attorney. The notification will provide to the claimant the address and telephone number of OATH, and will comply with the specificity requirements for a Petition as stated in OATH Rule 1-22. It will also state that in situations where a court has determined that the vehicle is needed as evidence in a criminal proceeding, including any appeals in any such proceeding, the hearing may not be held and the vehicle may not be released during the period the vehicle is so needed.

Who May Appear at "Krimstock" Hearing

6. The claimant seeking release of the vehicle at the hearing may be either the person from whom the vehicle was seized, if that person was then in lawful possession of the vehicle, or the owner if different from such person. Only one person or entity may appear as claimant at the hearing, and preference shall be given to the registered owner of the vehicle.

Review of "Krimstock" Hearing

7. The decision of the OATH judge will be subject to review in New York State Supreme Court, but the filing of an action in that Court does not affect the claimant's right to an OATH hearing or to release of the seized vehicle in the event that the Police Department is found not to have satisfied the burden of proof at such hearing.

Retention Orders

8. If the vehicle is seized as evidence of a crime, either the person from whom the vehicle was seized (if in lawful possession of the vehicle) or its owner, if different from such person, may make a demand for a written statement from the prosecutor that retention of the vehicle as evidence is not necessary. The demand may be

either in the form of a request for a hearing as provided in the <u>Krimstock</u> Order, or by a written demand for a release made directly to the office of the District Attorney prosecuting the criminal case.

9. The District Attorney shall respond in writing no later than seven days after receipt of a request. If the District Attorney decides that continued retention of the vehicle is not necessary for the criminal case, the District Attorney shall serve a written statement to that effect on the person who made the demand. If the District Attorney seeks to retain the vehicle as evidence for the criminal case, an application for a retention order must be made during the seven-day period before a judge with jurisdiction over the criminal case.

10. The application for a retention order shall be supported by an affirmation from an assistant district attorney familiar with the case. The application may be made *ex parte*. It must refer to this Order and the standards laid out in paragraph eleven.

11. The judge before whom the application is made may issue the retention order if the affirmation, citing facts particular to the individual case, makes a sufficient showing that: 1) specific facts about the condition of the vehicle at the time of seizure may be relevant in the criminal case; and 2) there are no reasonable means other than impoundment, such as photographing or testing, to preserve the evidentiary value of the vehicle for presentation to the trier of fact. If the judge ruling on the motion finds that photographing, testing, or other means are sufficient to preserve the evidence, the judge may order the vehicle to be retained for a period of time sufficient to allow law enforcement to complete such photographing, testing, or other means. The identification of evidentiary purposes of the vehicle in the prosecutor's affirmation may not be used to restrict the prosecution from making arguments in a later proceeding based on other theories.

12. An order authorizing retention of the vehicle (i.e., a "retention order") must be served by the District Attorney within 10 days following the demand upon the person who made the demand. If such an intervening retention order is issued, a "Krimstock hearing," see ¶¶ 3-7, will not be held during the pendency of the retention order.

An order denying the retention of the vehicle must likewise be served within 10 days of the date of the Order upon the person who made the demand.

13. The person who made the demand may move to vacate or amend the retention order within 10 days following the receipt thereof. Service of that motion must be made in person or by registered or certified mail on the District Attorney and on the defendant in the criminal case, if a different person than the individual who made the demand. A hearing shall be held within 30 days of service of the motion. The hearing shall address to the legitimacy and/or the necessity of the continued impoundment of the vehicle as evidence, and may not be used to obtain premature or unwarranted discovery for the defendant in the criminal case. The judge ruling on the motion may set a date, not to exceed 30 days from the date of the order, by which the Police Department shall release the vehicle, unless continued impoundment is otherwise authorized by law. The judge ruling on the motion may condition vacatur or amendment of the retention order on a waiver by the defendant in the criminal case of any factual claim or defense relating to the condition of the vehicle when seized. Said waiver, if given, will bind the defendant throughout the pendency of the criminal matter.

14. Upon presentation to the Police Department of: a written statement from a prosecutor that a vehicle is not needed as evidence; or a written denial by a court of an application for a retention order; or an order vacating a retention order, the Police Department must, within 30 days, release the vehicle to the person who made the demand, unless continued impoundment of the vehicle is otherwise authorized by law. If the Police Department seeks at this time continued impoundment of the vehicle as an "instrumentality of a crime," the Police Department shall provide notice as set forth in ¶ 4.

15. This Court will retain jurisdiction to enforce the terms of this Order and Judgment.

SO ORDERED.
September 21, 2007
New York, New York

_____
U.S.D.J.

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON 10/1/07

6