IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DISENIA CANCEL and ISMAEL CANCEL, )
)
      Plaintiffs, )
) No. 08 C 951
      v. )
)
CITY OF CHICAGO and JODY WEIS, ) Honorable Milton Shadur,
SUPERINTENDENT of POLICE, ) Presiding
      Defendants )

**PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

Plaintiffs, by and through their attorneys, Thomas Peters, Mary DeSloover, and Kevin Peters, and pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, hereby move this Court to enter an order certifying this case as a class action for injunctive relief, restitution, and damages. In support of this Motion Plaintiffs state:

**THE ARTICLE 36 FORFEITURE CLASS**

1. This class involves a policy or practice of the City of Chicago and the Chicago Police Department with respect to hundreds of vehicles that are seized and held, ostensibly for forfeiture, pursuant to 720 ILCS 5/36-1 (Article 36). This class is represented by Disenia Cancel.

2. The 23(b)(3) class for Article 36 forfeiture cases consists of all those persons

who had vehicles taken from them by Chicago police officers from February 14, 2006, to the present provided: a) the vehicle was not immediately returned to the owner; b) the vehicle was held, ostensibly pursuant to Article 36; c) towing and storage fees were charged against the seized vehicle; and d) the vehicle was held for more than seven business days without judicial review and without the opportunity to post bond to secure release of the vehicle. The 23(b)(3) damage class has a two year statute of limitations so the class begins two years before the date (February 14, 2008) suit was filed.

    3. The Rule 23(b)(2) class for Article 36 forfeiture cases is identical to the due process class, except that a) restitution has a five year statute of limitations, and b) the (b)(2) class seeks declaratory and injunctive relief. Thus, for restitution purposes, the class begins on February 14, 2003.

    4. Plaintiff (Disenia Cancel) is a member of the class in that her car was seized by Chicago police officers on or about January 4, 2008, and later it was impounded pursuant to Article 36. From the date of the Article 36 impoundment the City charged towing and storage fees, which now exceed $2,000.00 dollars.

    5. Joinder of all the individual claims for the Article 36 forfeiture class is impractical since there are hundreds, perhaps thousands, of class members, their individual claims are modest, and it would not be cost-effective to litigate hundreds of small claims derived from a single policy or practice.

    6. The commonality factors of Rule 23(a) are satisfied in that the core facts and

the legal issues are the same for all class members. Every class member had a vehicle seized pursuant to Article 36 and every class member was charged towing and storage fees. Also, every class member was subjected to the City's policy and practice of taking more than seven business days before either a) seeking forfeiture review under Article 36 or b) releasing the seized vehicle to the owner.

7. Plaintiff's (Disenia Cancel) claim arises from a common course of conduct as followed by Defendants in all Article 36 forfeiture cases and, as a result of Defendants' common course of conduct, the following questions of law are common to all class members:

    a)     Whether Defendants' policy or practice violates the Due Process Clause in that their policy or practice does not allow for a prompt post-seizure hearing;

    b)     Whether Defendants have a legal basis to retain inventoried vehicles for more than seven business days without allowing for release of the vehicles, upon posting of bond, and without a hearing to determine probable cause to continue to detain the vehicles;

    c)     Whether Defendants' policy or practice of charging towing and storage fees when a car is impounded pursuant to Article 36 results in constitutional harm to members of the class;

    d)     Whether Defendants' policy or practice is to take 15 or more days

    before seeking forfeiture review or releasing the vehicle to the rightful owner;

  e) Whether the notice Defendants provide is constitutionally defective; and

  f) Whether Defendants' policy or practice violates the Takings Clause of the Fifth Amendment.

 8. Plaintiff's (Disenia Cancel) claim is typical of all class claims in that her car was seized by Chicago police officers and the car was held, subject to towing and storage fees for more than seven business days, without an opportunity for Plaintiff to post bond and secure its release and without a prompt post-seizure hearing.

 9. There are no conflicts between Disenia Cancel and the other Article 36 class members and the attorneys for the class representatives are experienced civil rights and class action litigators.

 10. A class action is the most efficient procedure to resolve these claims.

## THE HOLD FOR INVESTIGATION CLASS

 11. This class consists of all those persons who had vehicles seized and impounded by Chicago police officers, for "investigation" from two years prior to the date on which the Court granted leave to file an Amended Complaint. A five year statute of limitations applies to the restitution claim.

 12. This class is represented by Ismael Cancel and seeks certification under Rule

23(b)(3) and (b)(2).

13. Joinder of all the individual claims for the hold for investigation class is impractical since there are hundreds of class members, their individual claims are modest, and it would not be cost-effective to litigate hundreds of small claims derived from a single policy or practice.

14. The commonality factors of Rule 23(a) are satisfied in that the core facts and the legal issues are the same for all class members. Every class member had a vehicle seized by Chicago police officers and then held for "investigation," and every class member was charged towing and storage fees.

15. Plaintiff's (Ismael Cancel) claim arises from a common course of conduct as followed by Defendants in hold for investigation impoundment cases and, as a result of Defendants' common course of conduct, the following questions of law are common to all class members:

>  a) Whether Defendants' policy or practice violates the Due Process Clause in that their policy does not allow for a prompt post-seizure hearing;
>
>  b) Whether Defendants have a legal basis to retain inventoried vehicles for more than seven business days, without allowing for release of the vehicles, upon posting of bond, and without a hearing to determine probable cause to continue to detain the vehicles;

    c)       Whether Defendants' policy or practice of charging towing and storage fees when a car is impounded for investigation results in constitutional harm to members of the class;

    d)       Whether Defendants' policy or practice is to take 10 or more days before releasing the vehicle to the rightful owner;

    e)       Whether the notice Defendants provide is constitutionally defective; and

    f)       Whether the decision to hold seized property must be approved by a federal or local prosecutor and then approved by a judicial officer within 48 hours of the impoundment.

16. Plaintiff's (Ismael Cancel) claim is typical of all class claims in that his car was seized by Chicago police officers and the car was held, subject to towing and storage fees for more than seven business days, without an opportunity for Plaintiff (Ismael Cancel) to post bond and secure its release and without a prompt post-seizure hearing.

17. There are no conflicts between Ismael Cancel and the other class members and the attorneys for the class representatives are experienced civil rights and class action litigators.

18. A class action is the most efficient procedure to resolve these claims.

WHEREFORE Plaintiff, Disenia Cancel, prays the Court will certify a class under Rules 23(b)(2) and (b)(3) for all those persons whose vehicles were impounded for

Article 36 forfeiture from February 14, 2003 to the present.  Plaintiff Ismael Cancel prays the Court will certify a class under Rule 23 (b)(3) for all those persons whose vehicles were impounded for "evidence" within five years of the date on which leave to file an amended complaint is granted.

 s/ Thomas Peters
THOMAS PETERS
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiffs
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(3l2) 697-0022