**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DISENIA CANCEL,<br><br>      *Plaintiff,*<br><br>  vs.<br><br>CITY OF CHICAGO and JODY WEIS, SUPERINTENDENT of POLICE,<br><br>      *Defendants.* | No. 08 C 951<br><br>Judge Milton I. Shadur |

**CITY OF CHICAGO'S AND SUPERINTENDENT JODY WEIS'S
ANSWER TO AMENDED CLASS ACTION COMPLAINT**

  Defendants City of Chicago ("City") and Superintendent Jody Weis ("Weis") (collectively "Defendants"), by their undersigned counsel, for their answer to the Amended Class Action Complaint of Disenia Cancel and Ismael Cancel (collectively "Plaintiffs") state as follows:

**COUNT I – DISENIA CANCEL**

  1. Plaintiff, Disenia Cancel, is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff Disenia Cancel is a resident of Cook County. Defendants admit that Plaintiff Disenia Cancel is the registered owner of a motor vehicle.

  2. Defendant, Jody Weis, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

**ANSWER:** Defendants admit that Jody Weis is the current Superintendent of the Chicago Police Department ("CPD") and is being sued in his official capacity, and that he

administers the CPD in a manner consistent with the ordinances of the City, the laws of the State of Illinois, and the rules and regulations of the Police Board. Defendants deny the remaining allegations contained in Paragraph 2 of Count I.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Weis.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3 of Count I.

4. This suit is brought pursuant to 42 U.S.C. 1983 for violations of the Plaintiff's (Disenia Cancel) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants admit that this suit is purportedly brought pursuant to the statutory provisions of 42 U.S.C § 1983 for alleged violations of the Plaintiff's constitutional and civil rights. Defendants deny that they have violated the Fifth and Fourteenth Amendments of the Constitution of the United States, the statutory provisions of 42 U.S.C § 1983, or Plaintiff's constitutional or civil rights.

5. All of the acts alleged herein were made under color of state law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 5 of Count I.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

**ANSWER:** Defendants admit the Plaintiff purports to allege claims which would confer jurisdiction on this Court pursuant to 28 U.S.C. § 1343 and that venue is appropriate as the complaint alleges acts which purportedly occurred in Cook County, Illinois.

7. Chicago police officers acting under color of state law, and pursuant to the express and de facto practices and policies of the City of Chicago and Superintendent Weis, are authorized to seize motor vehicles for specified non-narcotics offenses.

**ANSWER:** Defendants deny the allegations contained in Paragraph 7 of Count I.

8. The seizures at issue here purportedly are made pursuant to 720 ILCS 5/36-1. (Article 36).

**ANSWER:** Defendants admit that the seizures at issue in Count I of the Amended Complaint are made pursuant to 720 ILCS 5/36-1. Defendants deny that the seizures at issue in Count II of the Amended Complaint are made pursuant to 720 ILCS 5/36-1.

9. Article 36 requires the City of Chicago, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Cook County.

**ANSWER:** Defendants admit that Article 36 provides that vehicles may be seized in certain circumstances and delivered "forthwith" to the Sheriff of the County of the seizure.

10. The policy and practice of the City of Chicago, as implemented and enforced by Weis, is to delay delivery of Article 36 seizures to the Sheriff for thirty or more days.

**ANSWER:** Defendants deny the allegations contained in Paragraph 10 of Count I.

11. During that time, the City will not release the seized vehicle to the registered owner.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11 of Count I.

12. During that time, neither the City nor Weis will allow the registered owner to post bond and secure the release of the seized vehicle.

**ANSWER:** Defendants deny the allegations contained in Paragraph 12 of the Count I.

13.　　During that time, neither the City nor Weis provides a hearing to determine whether there is reason to believe the seized vehicle actually is subject to Article 36 forfeiture.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 13 of Count I.

14.　　During that time, neither the City nor Weis provides reasonable notice to vehicle owners of the owners' right to a prompt post-seizure hearing.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 14 of Count I.

15.　　As a result of the constitutionally defective notice and the delays built into the policy and practice described above, more than thirty days elapse without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 15 of Count I.

16.　　As a result of the delays built into the policy and practice described above, more than thirty days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

**ANSWER:**　　Defendants deny the allegations contained in Paragraph 16 of Count I.

17.　　On or about January 3, 2008, Plaintiffs (Disenia Cancel) Dodge Stratus was seized by Chicago police officers. Plaintiff (Disenia Cancel) was a passenger in the vehicle and she did not personally violate any law of the state of Illinois or any ordinance of the City of Chicago.

**ANSWER:**　　Defendants admit the allegations contained in the first sentence of Paragraph 17 of Count I, and admit that Plaintiff Disenia Cancel was a passenger in the vehicle.

Defendants deny that Plaintiff Disenia Cancel did not personally violate any law of the state of Illinois or any ordinance of the City of Chicago.

18.　　Plaintiff (Disenia Cancel) was ill at the time so she was being driven to the hospital for medical care by her husband.

4

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff (Disenia Cancel) was ill at the time and whether she was being driven to the hospital.  Defendants deny the remaining allegations contained in Paragraph 18 of Count I.

19.   Plaintiff's husband was driving the car because he believed it was a medical emergency.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to whether the driver of the vehicle believed it was a medical emergency.  Defendants deny the remaining allegations contained in Paragraph 19 of Count I.

20.   Plaintiff's husband was stopped by Chicago police officers and issued a ticket for driving on a suspended or revoked license.

**ANSWER:**   Defendants admit that the driver of the vehicle was stopped by the CPD officers and was issued traffic citations, including driving on a revoked license.  Defendants deny the remaining allegations contained in Paragraph 20 of Count I.

21.   The ticketing officers then had Plaintiff's (Disenia Cancel) car towed for violation of a City ordinance.

**ANSWER:**   Defendants admit that CPD officers transported the vehicle from the location where it was stopped to the CPD's 25th District station.  Defendants deny that Plaintiff's car was towed for violation of a City ordinance.

22.   Plaintiff later posted the requisite cash bond, as allowed by the City ordinance, and secured the release of the vehicle based on the City ordinance violation.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Count I.

5

23.     The car was driven to Plaintiff's home by Plaintiff.  Once there, Chicago police officers again towed the car, this time for an alleged violation of Article 36.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to whether the car was driven to Plaintiff's home by Plaintiff.  Defendants admit that Chicago police officers had the vehicle towed pursuant to Article 36 on January 4, 2008.  Defendants deny the remaining allegations contained in Paragraph 23 of Count I.

24.     When a car is towed pursuant to Article 36, Defendants' policy and practice is to charge a towing fee and daily storage fees and to issue a Notice that is incomplete, inaccurate, and misleading.  (Exhibit 1).

**ANSWER:**    Defendants deny the allegations contained in Paragraph 24 of Count I.

25.     While Plaintiff's (Disenia Cancel) car was now being held pursuant to Article 36, Defendants' policy and practice prohibited release of the vehicle until Defendants decided whether they would seek forfeiture of the vehicle pursuant to Article 36.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 25 of Count I.

26.     During that time (30 days or more) Defendants did not inform Plaintiff of her right to a prompt post-seizure hearing, did not allow her to post bond, and did not provide a hearing to determine the validity of the continued detention of the seized vehicle.

**ANSWER:**    Defendants deny the allegations contained in Paragraph 26 of Count I.

27.     Plaintiff (Disenia Cancel) was ready, willing, and able to pay the second towing fee and pay the additional storage costs, whether car was towed for the alleged Article 36 violation.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Count I.

28.     Defendants, acting through their agents and employees and consistent with Defendants' policy and practice, refused to release the car to Plaintiff when Plaintiff offered to pay the second towing fee and the new (Article 36) storage fees.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 28 of Count I.

29.     On or about February 8, 2008, agents of the City advised Plaintiff that her vehicle would not be subject to forfeiture, but her car would not be released until she had paid all of the accumulated towing and storage fees, more than one thousand dollars at that time.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 29 of Count I.

30.     From on or about January 4, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the custody of the City pursuant to Defendants' Article 36 policy and practice.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 30 of Count I.

31.     As a result of Defendants' policy and practice, Plaintiff now owes more than two thousand dollars in storage fees. Plaintiff cannot secure the release of her vehicle unless she pays those fees and costs.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 31 of Count I.

32.     Plaintiff (Disenia Cancel) is not currently able to pay the accumulated fees and costs and therefore cannot retrieve her car. The accumulated fees and costs now exceed the actual value of the car.

**ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Count I.

33.     Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

**ANSWER:**   Defendants deny the allegations contained in Paragraph 33 of Count I.

## **COUNT II – ISMAEL CANCEL**

1.     Plaintiff, Ismael Cancel, is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

**ANSWER:**    Defendants admit that Plaintiff Ismael Cancel is the registered owner of a motor vehicle. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Ismael Cancel is a resident of Cook County, Illinois.

2. Defendant, Jody Weis, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

**ANSWER:**    Defendants admit that Jody Weis is the Superintendent of the CPD, that Weis is being sued in his official capacity, and that he administers the CPD in a manner consistent with the ordinances of the City, the laws of the State of Illinois, and the rules and regulations of the Police Board. Defendants deny the remaining allegations contained in Paragraph 2 of Count II.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Weis.

**ANSWER:**    Defendants admit the allegations contained in Paragraph 3 of Count II.

4. This suit is brought pursuant to 42 U.S.C. 1983 for violations of the Plaintiff's (Ismael Cancel) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendants admit that this suit is purportedly brought pursuant to the statutory provisions of 42 U.S.C § 1983 for alleged violations of the Plaintiff's constitutional and civil rights. Defendants deny that they have violated the Fifth and Fourteenth Amendments of the Constitution of the United States, the statutory provisions of 42 U.S.C § 1983, or Plaintiff's constitutional or civil rights.

5. All of the acts alleged herein were made under color of state law.

**ANSWER:** Defendants deny the allegations contained in Paragraph 5 of Count II.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

**ANSWER:** Defendants admit the Plaintiff purports to alleged claims which would confer jurisdiction on this Court pursuant to 28 U.S.C. § 1343 and that venue is appropriate as the complaint alleges acts which purportedly occurred in Cook County, Illinois.

7. On or about January 10, 2008, Plaintiff (Ismael Cancel) was the owner of a vehicle that was seized by Chicago police officers.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Count II.

8. Acting pursuant to a policy and practice of the City of Chicago, as implemented and enforced by Defendant Weis, Plaintiff (Ismael Cancel) was issued a vehicle hold notice. (See attached Exhibit 2).

**ANSWER:** Defendants admit that Plaintiff (Ismael Cancel) was issued a Vehicle Hold notice. Defendants deny the remaining allegation of Paragraph 8 of Count II.

9. The notice that the City issued to Plaintiff (Ismael Cancel) is constitutionally defective in that it does not provide meaningful notice of the rights of the vehicle owner following the seizure of a vehicle.

**ANSWER:** Defendants deny the allegations contained in Paragraph 9 of Count II.

10. Plaintiff (Ismael Cancel) had the right to a reasonably prompt, post-seizure hearing.

**ANSWER:** Defendants deny the allegations contained in Paragraph 10 of Count II.

11. The Defendants failed to provide any hearing during the first ten days.

**ANSWER:** Defendants deny the allegations contained in Paragraph 11 of Count II.

12. To the extent any "hearing" is offered, the hearing is not before a judicial officer.

**ANSWER:** Defendants deny the allegations contained in Paragraph 12 of Count II.

13. Defendants, acting in accordance with their policy, charge towing and storage fees for vehicles that are hold "for investigation."

**ANSWER:** Defendants deny the allegations contained in Paragraph 13 of Count II.

14. Defendants' policy with respect to vehicles that are impounded "for investigation" violates the Due Process Clause in that a) Defendants fail to provide meaningful notice to owners of the owners' rights; b) Defendants detain the vehicles without a judicial determination of probable cause; and c) Defendants fail to provide a reasonably prompt, post-seizure hearing.

**ANSWER:** Defendants deny the allegations contained in Paragraph 14 of Count II.

WHEREFORE, Defendants pray that this Court enter judgment in their favor and against Plaintiff, award Defendants their attorneys' fees and costs incurred in defending this action, and for such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### Failure to State a Claim

Plaintiffs have failed to state claims upon which relief may be granted.

### Monell

Plaintiffs' claims under 42 U.S.C. § 1983 are barred in whole, or in part, by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), and its progeny.

**Policymaker**

Plaintiffs' claims under 42 U.S.C. § 1983 are barred in whole, or in part, because the Superintendent is not a final policymaker for the City for the policies at issue.

**Mootness**

Plaintiff Ismael Cancel's claim is barred in whole or in part by the doctrine of mootness.

Dated:  July 1, 2008

Respectfully submitted,

**CITY OF CHICAGO** and **JODI WEIS, SUPERINTENDENT OF POLICE**

By:   s/ Heather A. Jackson
       One of their Attorneys

Allan T. Slagel (ARDC # 6198470)
aslagel@shefskylaw.com
Heather A. Jackson (ARDC # 6243164)
hjackson@shefskylaw.com
Sherri Thornton-Pierce (ARDC # 6285507)
sthornton@shefskylaw.com
SHEFSKY & FROELICH LTD.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:    (312) 527-4000
Facsimile:     (312) 527-4011

1086893_2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DISENIA CANCEL,<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF CHICAGO and JODY WEIS,<br>SUPERINTENDENT of POLICE,<br><br>*Defendants.* | No. 08 C 951<br><br>Judge Milton I. Shadur |

## CERTIFICATE OF SERVICE

The undersigned states under penalties as provided by law and certifies that a true and correct copy of the foregoing **CITY OF CHICAGO'S AND SUPERINTENDENT JODY WEIS'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** was served upon:

Robert Clancy Cotter
Attorney at Law
407 South Dearborn, #1675
Chicago, Illinois 60605

via First-Class U.S. Mail, and

Thomas Peters
Kevin Peters
Mary DeSloover
Law Offices of Thomas Peters
407 South Dearborn
Suite 1675
Chicago, Illinois 60605

by CM ECF electronic notification this 1st day of July, 2008.

s/ Heather A. Jackson