IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DISENIA CANCEL and ISMAEL CANCEL,** | ) ) ) |
| Plaintiffs, | ) |
| | ) No. 08 C 951 |
| v. | ) ) |
| **CITY OF CHICAGO and JODY WEIS, SUPERINTENDENT of POLICE,** | ) Honorable Milton Shadur, ) Presiding |
| Defendants | ) |

## PETITION FOR PRELIMINARY INJUNCTION

Plaintiff, Disenia Cancel, through her attorneys, Thomas Peters, Mary DeSloover, and Kevin Peters, brings this petition pursuant to Rule 65 of the Federal Rules of Civil Procedure. In support of this Petition, Plaintiff states:

1. Plaintiff had her car seized and impounded by the Chicago Police Department.

2. Plaintiff's car remains impounded and she now owes more than $4,000 dollars in storage fees and costs.

3. Ms. Cancel did not receive a timely post-impoundment hearing as required by Smith v. City of Chicago, 524 F.3d 834 (7th Cir. 2008).

4. The "hearing" the City eventually held was not preceded by adequate notice and unconstitutionally shifted the burden of proof to Ms. Cancel.

1

5. Ms. Cancel did not have her case reviewed by a neutral and detached hearing officer and the City unconstitutionally applied an irrebutable presumption in favor of unsworn to police reports at the "hearing."

6. Because the "hearing" is unconstitutionally delayed and unconstitutional in the manner it is held, Ms. Cancel is likely to prevail on the merits of her claim.

7. She also has suffered irreparable harm and her remedy at law is inadequate.

8. Furthermore, the public interest is best served by granting her a preliminary injunction.

9. Plaintiff Disenia Cancel has submitted a Memorandum in Support of Preliminary Injunction and hereby adopts the arguments and exhibits submitted in the Memorandum.

WHEREFORE, Disenia Cancel prays the Court will grant a preliminary injunction which requires that a) the City holds a hearing within ten business days of any Article 36 impoundment; b) the City issue a notice to the driver when the car is seized and to any registered owner within 48 hours of the seizure; c) the notice must inform the owner and the driver of the date, time, and location of the hearing; d) the City has the burden of proof at the hearing; e) the City cannot rely exclusively on police reports as conclusive evidence that the tow was lawful; f) the hearing officer must be non-police personnel with some legal training; g) the hearing officer must consider the mitigating factors described in Article 36; and h) the owner must be given a written statement of the evidence relied

upon and the reasons for the hearing officer's decision.

          Respectfully submitted,

          S/ Thomas Peters
          THOMAS PETERS
          MARY DeSLOOVER
          KEVIN PETERS
          Attorneys for Plaintiffs
          407 S. Dearborn, Suite 1675
          Chicago, IL 60605
          (3l2) 697-0022