IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DISENIA CANCEL and ISMAEL CANCEL, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 08 C 951 |
| v. | ) |
| | ) |
| CITY OF CHICAGO and JODY WEIS, | ) Honorable Milton Shadur, |
| SUPERINTENDENT of POLICE, | ) Presiding |
| Defendants | ) |

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs through their attorneys, THOMAS PETERS, ROBERT COTTER,

MARY DE SLOOVER, and KEVIN PETERS, state:

## COUNT I - DISENIA CANCEL

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Disenia Cancel, is a resident of Cook County, Illinois and the

registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police and in that capacity he

sets and implements the policies of the City of Chicago, as they relate to property seized

by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the

State of Illinois and is the employer of Defendant Weis.

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's (Disenia Cancel) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

## ARTICLE 36

## THE FORFEITURE SYSTEM

7. Chicago police officers acting under color of state law, and pursuant to the express and de facto practices and policies of the City of Chicago and Superintendent Weis, are authorized to seize motor vehicles for specified non-narcotics offenses.

8. The seizures at issue here purportedly are made pursuant to 720 ILCS 5/36-1. (Article 36).

9. Article 36 requires the City of Chicago, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Cook County.

10. The policy and practice of the City of Chicago, as implemented and enforced by Weis, is to delay delivery of Article 36 seizures to the Sheriff for thirty or more days.

11. During that time, the City will not release the seized vehicle to the registered owner.

2

12. During that time, neither the City nor Weis will allow the registered owner to post bond and secure the release of the seized vehicle.

13. During that time, neither the City nor Weis provides a hearing to determine whether there is reason to believe the seized vehicle actually is subject to Article 36 forfeiture.

14. During that time, neither the City nor Weis provides reasonable notice to vehicle owners of the owners' right to a prompt post-seizure hearing.

15. As a result of the constitutionally defective notice and the delays built into the policy and practice described above, more than thirty days elapse without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

16. As a result of the delays built into the policy and practice described above, more than thirty days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

17. When a "hearing" is finally offered, the "hearing" officer is not a judge or a trained administrative hearing officer.

18. The "hearing" is a sham at which no evidence is offered to support the detention of the seized vehicle and the owner never can prevail at the hearing.

## THE SYSTEM APPLIED TO PLAINTIFF

19. On or about January 3, 2008, Plaintiff's (Disenia Cancel) Dodge Stratus was

3

seized by Chicago police officers. Plaintiff (Disenia Cancel) was a passenger in the vehicle and she did not personally violate any law of the state of Illinois or any ordinance of the City of Chicago.

20. Plaintiff (Disenia Cancel) was ill at the time so she was being driven to the hospital for necessary medical care.

21. The driver was stopped by Chicago police officers and issued a ticket for driving on a suspended or revoked license. The ticketing officers then had Plaintiff's (Disenia Cancel) car towed for violation of a City ordinance.

22. Plaintiff later posted the requisite cash bond, as allowed by the City ordinance, and secured the release of the vehicle based on the City ordinance violation.

23. The car was driven to Plaintiff's home by Plaintiff. Once there, Chicago police officers again towed the car, this time for an alleged violation of Article 36.

24. When a car is towed pursuant to Article 36, Defendants' policy and practice is to charge a towing fee and daily storage fees and to issue a Notice that is incomplete, inaccurate, and misleading.

25. While Plaintiff's (Disenia Cancel) car was now being held pursuant to Article 36, Defendants' policy and practice prohibited release of the vehicle until Defendants decided whether they would seek forfeiture of the vehicle pursuant to Article 36.

26. During that time (30 days or more) Defendants did not inform Plaintiff of her

4

right to a prompt post-seizure hearing, did not allow her to post bond, and did not provide a hearing to determine the validity of the continued detention of the seized vehicle.

27.   Plaintiff (Disenia Cancel) was ready, willing, and able to pay the second towing fee and pay the additional storage costs, when her car was first towed for the alleged Article 36 violation.

28.   Defendants, acting through their agents and employees and consistent with Defendants' policy and practice, refused to release the car to Plaintiff when Plaintiff first offered to pay the second towing fee and the new (Article 36) storage fees.

29.   On or about February 8, 2008, agents of the City advised Plaintiff that her vehicle would not be subject to forfeiture, but her car would not be released until she had paid all of the accumulated towing and storage fees, more than one thousand dollars at that time.

30.   From on or about January 4, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the custody of the City pursuant to Defendants' Article 36 policy and practice.

31. As a result of Defendants' policy and practice, Plaintiff now owes more than five thousand dollars in storage fees. Plaintiff cannot secure the release of her vehicle unless she pays those fees and costs.

32. Plaintiff (Disenia Cancel) is not currently able to pay the accumulated fees and costs and therefore cannot retrieve her car.  The accumulated fees and costs now exceed

the actual value of the car.

33. Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

Wherefore, Plaintiffs pray the Court will a) declare that Plaintiffs have a due process right to a prompt post-seizure probable cause hearing or the opportunity to post reasonable bond; b) declare that the Defendants must hold a post-seizure, probable cause hearing within ten business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for weeks without a judicial determination of probable cause; d) declare that the notice the City currently issues is constitutionally inadequate; e) order the City to prepare and issue a new notice; and f) award reasonable damages, costs, and attorneys fees.

## COUNT II - ISMAEL CANCEL

1. Plaintiff, Ismael Cancel, is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police and in that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois and is the employer of Defendant Weis.

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's

6

(Ismael Cancel) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1343 and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

7. On or about January 10, 2008, Plaintiff (Ismael Cancel) was the owner of a vehicle that was seized by Chicago police officers.

8. Acting pursuant to a policy and practice of the City of Chicago, as implemented and enforced by Defendant Weis, Plaintiff (Ismael Cancel) was issued a vehicle hold notice. (See attached Exhibit 2).

9. The notice that the City issued to Plaintiff (Ismael Cancel) is constitutionally defective in that it does not provide meaningful notice of the rights of the vehicle owner following the seizure of a vehicle.

10. Plaintiff (Ismael Cancel) had the right to a reasonably prompt, post-seizure hearing.

11. The Defendants failed to provide any hearing during the first ten days.

12. To the extent any "hearing" is offered, the hearing is not before a judicial officer and the hearing is a sham.

13. Defendants, acting in accordance with their policy, charge towing and storage

7

fees for vehicles that are hold "for investigation."

14. Defendants' policy with respect to vehicles that are impounded "for investigation" violates the Due Process Clause in that a) Defendants fail to provide meaningful notice to owners of the owners' rights; b) Defendants detain the vehicles without a judicial determination of probable cause; and c) Defendants fail to provide a reasonably prompt, post-seizure hearing.

WHEREFORE, Plaintiff (Ismael Cancel) prays the Court will award him damages, costs, and reasonable attorney's fees.

## COUNT III - CLASS ACTION

1-33. Plaintiffs re-allege paragraphs 1-33 of Count I as paragraphs 1-33 of Count III.

34. Plaintiff Disenia Canel, on her own behalf and on behalf of all others similarly situated, seeks certification of two classes pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, and those classes are defined as follows:

A. All persons who have had, or will have, a vehicle towed by order of a Chicago police officer after February 14, 2003, provided that (a) the vehicle was towed pursuant to Article 36; (b) towing and storage fees were, or will be, assessed against the owner; and (c) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing (the Timeliness Class); and

B. All persons who have had, or will have, a vehicle towed by order of a

8

Chicago police officer after February 14, 2003, provided that (a) the vehicle was towed pursuant to Article 36; (b) towing and storage fees were, or will be, assessed against the owner; (c) the Sheriff or the State's Attorney declined to file a forfeiture action or the CPD agreed to return the vehicle; (d) the decision by the Sheriff or the State's Attorney not to file a forfeiture action or the decision by the CPD to voluntarily return the seized vehicle was made more than seven business days after the vehicle was impounded; and (e) the vehicle owner was provided a "hearing" by personnel from CPD Pound No.1. (the scope of hearing class)

35. Plaintiff Disenia Cancel also seeks certification of classes for damages pursuant to Rule 23(b)(3) of the Federal rules of Civil Procedure, and those classes are defined as follows:

A. All persons who either (a) have had, or will have, a vehicle towed by order of a Chicago police officer after May 2, 2008, or (b) had a vehicle towed by order of a Chicago police officer before May 2, 2008, but the vehicle remained in CPD custody pursuant to Article 36 after that date provided that: (1) the vehicle was towed pursuant to Article 36; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing (the Timeliness damage class);

B. All persons who either have had, or will have, a vehicle towed by order of a Chicago police officer after February 14, 2003, provided that: (a) the vehicle was

9

towed pursuant to Article 36; (b) towing and storage fees were, or will be, assessed

against the owner; and (c) the vehicle was impounded with the CPD for more than seven

business days without a judicial or administrative hearing; (the Timeliness restitution

class)

C. All persons who have had, or will have, a vehicle towed by order of a

Chicago police officer after February 14, 2003, provided that: (a) the vehicle was towed

pursuant to Article 36; (b) towing and storage fees were, or will be, assessed against the

owner; (c) the Sheriff or the State's Attorney declined to file a forfeiture action or the

CPD agreed to return the vehicle; (d) the decision by the Sheriff or the State's Attorney

not to file a forfeiture action or the decision by the CPD to voluntarily return the seized

vehicle was made more than seven business days after the vehicle was impounded; and

(e) the vehicle owner was provided a "hearing" by personnel from CPD Pound No.1. (the

Scope of hearing restitution class); and

D. All persons who either (a) have had, or will have, a vehicle towed by

order of a Chicago police officer after May 2, 2008, or (b) had a vehicle towed by order

of a Chicago police officer before May 2, 2008, but the vehicle remained in CPD custody

pursuant to Article 36 after that date provided: (1) the vehicle was towed pursuant to

Article 36; (2) towing and storage fees were, or will be, assessed against the owner; (3c)

the Sheriff or the State's Attorney declined to file a forfeiture action or the CPD agreed to

return the vehicle; (4) the decision by the Sheriff or the State's Attorney not to file a

forfeiture action or the decision by the CPD to voluntarily return the seized vehicle was made more than seven business days after the vehicle was impounded; and (5) the vehicle owner was provided a "hearing" by personnel from CPD Pound No.1. (Scope of hearing damage class)

36. Plaintiff Ismael Cancel seeks certification of damage related classes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and those classes are defined as follows:

A. All persons who (a) have had, or will have, a vehicle towed by order of a Chicago police officer after June 17, 2006, provided that: (1) the vehicle was towed for "investigation"; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing (the Timeliness damage class for investigative detentions ); and

B. All persons who (a) have had, or will have, a vehicle towed by order of a Chicago police officer after June 17, 2003, provided that: (1) the vehicle was towed for "investigation"; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing (the investigative restitution class).

37. All of these classes involve a policy or practice of the City of Chicago and the Chicago Police Department with respect to hundreds of arrests during which vehicles are

11

seized and held, ostensibly for forfeiture, pursuant either to 720 ILCS 5/36-1 (Article 36) or for "investigation."

38. Plaintiff Disenia Cancel is a member of the classes in paragraphs 34 and 35 above in that her car was seized by Chicago police officers on or about January 4, 2008, and later it was impounded pursuant to Article 36. From the date of the Article 36 impoundment the City charged towing and storage fees, which now exceed $5000.00 dollars.

39. Joinder of all the individual claims is impractical since there are hundreds of class members, their individual claims are modest, and it would not be cost-effective to litigate hundreds of small claims derived from a single policy or practice.

40. The commonality factors of Rule 23(a) are satisfied in that the core facts and the legal issues are the same for all class members. Every class member had a vehicle seized pursuant to Article 36; every class member was charged towing and storage fees; and every class member was subjected to the City's policy and practice of taking more than seven business days before either a) seeking forfeiture review under Article 36 or releasing the seized vehicle to the owner.

41. Plaintiff Disenia Cancel's claim arises from a common course of conduct as followed by Defendants in all Article 36 cases and, as a result of Defendants' common course of conduct, the following questions of law are common to all class members:

      a)     Whether Defendants' policy or practice violates the Due Process

Clause in that their policy or practice does not allow for a prompt
post-seizure hearing;

b)    Whether Defendants have a legal basis to retain inventoried vehicles
for more than seven business days without allowing for release of the
vehicles, upon posting of bond, or a hearing to determine probable
cause to continue to detain the vehicles;

c)    Whether Defendants' policy or practice of charging towing and
storage fees when a car is impounded pursuant to Article 36 results
in constitutional harm to members of the class;

d)    Whether Defendants' policy or practice is to take 30 or more days
before seeking forfeiture review or releasing the vehicle to the
rightful owner; and

e)    Whether the "hearing" that is eventually offered is a sham
proceeding that does not comply with due process of law.

42. Plaintiff Disenia Cancel's claim is typical of all class claims that in her car
was seized by Chicago police officers and the car was held, subject to towing and storage
fees, far more than seven business days without an opportunity for Disenia Cancel to post
bond and secure its release and without a prompt post-seizure hearing.

43. There are no conflicts between Disenia Cancel and the other class members
and the attorneys for the class representatives are experienced civil rights and class action

13

litigators.

44. A class action is the most efficient procedure to resolve these claims.

45. Plaintiff Ismael Cancel is a member of the classes in paragraph 36 above in that his car was seized by Chicago police officers for investigation and was held for more than seven business days without a hearing.

46. Joinder of all the individual claims relating to the hold for investigation classes is impractical because there are hundreds of class members, their individual claims are modest, and it would not be cost-effective to litigate hundreds of small claims derived from a single policy or practice.

47. The commonality factors of Rule 23(a) are satisfied in that the core facts and the legal issues are the same for all class members. Every class member had a vehicle seized by Chicago police and impounded for "investigation." Every class member was charged towing and storage fees; and every class member was subjected to the City's policy and practice of taking more than seven business days before either a) seeking forfeiture review under Article 36 or releasing the seized vehicle to the owner.

48. Plaintiff Ismael Cancel's claim arises from a common course of conduct as followed by Defendants in all investigative hold cases and, as a result of Defendants' common course of conduct, the following questions of law are common to all class members:

      a)      Whether Defendants' policy or practice violates the Due Process

Clause in that their policy or practice does not allow for a prompt post-seizure hearing;

b)   Whether Defendants have a legal basis to retain inventoried vehicles for more than seven business days without allowing for release of the vehicles, upon posting of bond, or a hearing to determine probable cause to continue to detain the vehicles;

c)   Whether Defendants' policy or practice of charging towing and storage fees when a car is impounded for investigation results in constitutional harm to members of the class;

d)   Whether Defendants' policy or practice is to hold "hearings" at which no witnesses ever appear, the car owner has no chance of winning, and the "hearing officer" is a CPD employee who always rubber stamps the original impound order; take 30 or more days before seeking forfeiture review or releasing the vehicle to the rightful owner; and

e)   Whether the CPD "hearing" that is allegedly offered is a sham proceeding that does not comply with due process of law.

49.  Plaintiff Ismael Cancel's claim is typical of all class claims that in his car was seized by Chicago police officers and the car was held, subject to towing and storage fees, far more than seven business days without an opportunity for Ismael Cancel to post bond

15

and secure its release and without a prompt post-seizure hearing.

50. There are no conflicts between Ismael Cancel and the other class members and the attorneys for the class representatives are experienced civil rights and class action litigators.

51. A class action is the most efficient procedure to resolve these claims.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order certifying this case as a 23(b)(2) and (b)(3) class action.

<div style="margin-left: 50%;">

s/ Thomas Peters

THOMAS PETERS
ROBERT COTTER
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiffs
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(312) 697-0022

</div>