**FILED**

**MAY 6, 2009**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DISENIA CANCEL, ISMAEL CANCEL, and VIVIAN JARRETT, **Plaintiffs,** | ) ) ) ) No. 08 C 951 |
| v. | ) ) |
| CITY OF CHICAGO and JODY WEIS, SUPERINTENDENT of POLICE, **Defendants** | ) **Honorable Milton Shadur,** ) **Presiding** ) |

## THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiffs through their attorneys, THOMAS PETERS, ROBERT COTTER,

MARY DE SLOOVER, and KEVIN PETERS, state:

### COUNT I - DISENIA CANCEL

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Disenia Cancel, is a resident of Cook County, Illinois, and she is the registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police. In that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois, and the City is the employer of Defendant Weis.

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's (Disenia Cancel) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing that comports with the minimum requirements of due process, as required by the Fourteenth Amendment to the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343, and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

## ARTICLE 36

## THE FORFEITURE SYSTEM

7. Chicago police officers acting under color of state law, and pursuant to the express and de facto practices and policies of the City of Chicago and Superintendent Weis, are authorized to seize motor vehicles for specified non-narcotics offenses.

8. The seizures at issue here purportedly are made pursuant to 720 ILCS 5/36-1. (Article 36), for investigation, for hit and run, and for narcotics related offenses.

9. Article 36 requires the City of Chicago, acting through its agents and employees, to deliver "forthwith" every seized vehicle to the Sheriff of Cook County.

10. The policy and practice of the City of Chicago, as implemented and enforced by Weis, is to delay delivery of Article 36 seizures to the Sheriff for ten or more days.

11. During that time, the City will not release the seized vehicle to the registered owner.

2

12. During that time, neither the City nor Weis will allow the registered owner to post bond and secure the release of the seized vehicle.

13. During that time, neither the City nor Weis provides a hearing to determine whether there is reason to believe the seized vehicle actually is subject to Article 36 forfeiture.

14. During that time, neither the City nor Weis provides reasonable notice to vehicle owners of the owners' right to a prompt, post-seizure hearing.

15. As a result of the constitutionally defective notice and the delays built into the policy and practice described above, more than ten days elapse without a hearing to determine whether there is reason to believe the vehicle actually is subject to Article 36 seizure and forfeiture.

16. As a result of the delays built into the policy and practice described above, more than ten days elapse without allowing the registered owner to post bond and secure the release of the vehicle.

17. When a "hearing" is finally offered, the "hearing" officer is not a judge or a trained administrative hearing officer.

18. The "hearing" is a sham at which no evidence is offered to support the detention of the seized vehicle, and the owner never can prevail at the hearing.

## THE SYSTEM APPLIED TO PLAINTIFF

19. On or about January 3, 2008, Plaintiff's (Disenia Cancel) Dodge Stratus was

3

seized by Chicago police officers. Plaintiff (Disenia Cancel) was a passenger in the vehicle, and she did not personally violate any law of the state of Illinois or any ordinance of the City of Chicago.

20. Plaintiff (Disenia Cancel) was ill at the time so she was being driven to the hospital for necessary medical care.

21. The driver was stopped by Chicago police officers and was issued a ticket for driving on a suspended or revoked license. The ticketing officers then had Plaintiff's (Disenia Cancel) car towed for violation of a City ordinance.

22. Plaintiff later posted the requisite cash bond, as allowed by the City ordinance, and secured the release of the vehicle based on the City ordinance violation.

23. The car was driven to Plaintiff's home by Plaintiff. Once there, Chicago police officers again towed the car, this time for an alleged violation of Article 36.

24. When a car is towed pursuant to Article 36, Defendants' policy and practice is to charge a towing fee and daily storage fees and to issue a Notice that is incomplete, inaccurate, and misleading.

25. While Plaintiff's (Disenia Cancel) car was being held pursuant to Article 36, Defendants' policy and practice prohibited release of the vehicle, until Defendants decided whether they would seek forfeiture of the vehicle pursuant to Article 36.

26. During that time, Defendants did not inform Plaintiff of her right to a prompt post-seizure hearing, did not allow her to post bond, and did not provide

4

a hearing to determine the validity of the continued detention of the seized vehicle.

27.   Plaintiff (Disenia Cancel) was ready, willing, and able to pay the second towing fee and pay the additional storage costs, when her car was first towed for the alleged Article 36 violation.

28.   Defendants, acting through their agents and employees and consistent with Defendants' policy and practice, refused to release the car to Plaintiff, when Plaintiff first offered to pay the second towing fee and the new (Article 36) storage fees.

29.   On or about February 8, 2008, agents of the City advised Plaintiff that her vehicle would not be subject to forfeiture, but her car would not be released until she had paid all of the accumulated towing and storage fees, more than one thousand dollars at that time.

30.   From on or about January 4, 2008, the date of the Article 36 tow, to the present, Plaintiff's vehicle has remained in the custody of the City pursuant to Defendants' Article 36 policy and practice.

31.   As a result of Defendants' policy and practice, Plaintiff now owes more than five thousand dollars in storage fees. Plaintiff cannot secure the release of her vehicle unless she pays those fees and costs.

32.   Plaintiff (Disenia Cancel) is not currently able to pay the accumulated fees and costs and therefore cannot retrieve her car.  The accumulated fees and costs now exceed the actual value of the car.

33. Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

Wherefore, Plaintiffs pray the Court will a) declare that she had a due process right to a prompt, post-seizure probable cause hearing or the opportunity to post reasonable bond; b) declare that the Defendants must hold a post-seizure, probable cause hearing within seven business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for weeks without a judicial or administrative determination of probable cause; d) declare that the notice the City currently issues is constitutionally inadequate; e) order the City to prepare and issue a new notice; f) order the City to hold hearings before a neutral and detached officer and at those hearings prohibit the City from relying exclusively on police reports; and g) award reasonable damages, costs, and attorneys fees.

## COUNT II - ISMAEL CANCEL

1. Plaintiff, Ismael Cancel, is a resident of Cook County, Illinois and the registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police. In that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois, and the City is the employer of Defendant Weis.

6

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's (Ismael Cancel) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing that comports with the minimum requirements for due process of law, as required by the Fourteenth Amendment to the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343, and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

7. On or about January 10, 2008, Plaintiff (Ismael Cancel) was the owner of a vehicle that was seized by Chicago police officers "for investigation."

8. Acting pursuant to a policy and practice of the City of Chicago, as implemented and enforced by Defendant Weis, Plaintiff (Ismael Cancel) was issued a vehicle hold notice.

9. The notice that the City issued to Plaintiff (Ismael Cancel) is constitutionally defective in that it does not provide meaningful notice of the rights of the vehicle owner following the seizure of a vehicle.

10. Plaintiff (Ismael Cancel) had the right to a reasonably prompt, post-seizure hearing.

11. The Defendants failed to provide any hearing during the first ten days following the seizure of Plaintiff's car.

12. To the extent any "hearing" is offered, the hearing is not before a judicial

officer, the hearing officer is untrained in administrative hearings and procedures, the hearing officer always applies an irrebuttable presumption that the tow reports and other police reports are accurate, complete, and truthful, no witnesses appear to present evidence that the tow was justified, and the car the owner's testimony never is believed. As a result, the hearing is a sham.

13. Defendants, acting in accordance with their policy, charge towing and storage fees for vehicles that are impounded pursuant to Defendants" "for investigation" policy and practice.

14. Defendants' policy with respect to vehicles that are impounded "for investigation" violates the Due Process Clause in that a) Defendants fail to provide meaningful notice to owners of the owners' rights; b) Defendants fail to provide a reasonably prompt, post-seizure hearing; and c) the hearing that is offered is a sham at which the owner has no chance of prevailing.

WHEREFORE, Plaintiff (Ismael Cancel) prays the Court will: a) declare that he had a due process right to a prompt, post-seizure probable cause hearing or the opportunity to post reasonable bond; b) declare that the Defendants must hold a post-seizure, probable cause hearing within seven business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for weeks without a judicial or administrative determination of probable cause; d) declare that the notice the City currently issues is constitutionally inadequate; e) order the City to

8

prepare and issue a new notice; f) order the City to hold hearings before a neutral and detached officer and at those hearings prohibit the City from relying exclusively on police reports; and g) award reasonable damages, costs, and attorneys fees.

## COUNT III - VIVIAN JARRETT

1. Plaintiff, Vivian Jarrett , is a resident of Cook County, Illinois, and she is the registered owner of a motor vehicle.

2. Defendant, Jody Weis, is the Superintendent of Police. In that capacity he sets and implements the policies of the City of Chicago, as they relate to property seized by Chicago police officers. He is sued in his official capacity.

3. Defendant, City of Chicago, is a municipality organized under the laws of the State of Illinois, and the City is the employer of Defendant Weis.

4. This suit is brought pursuant to 42 U.S.C.1983 for violations of the Plaintiff's (Vivian Jarrettl) constitutional right to reasonable notice and a prompt post-seizure probable cause hearing that comports wit the minimum requirements of due process of law, as required by the Fourteenth Amendment to the Constitution of the United States.

5. All of the acts alleged herein were made under color of state law.

6. The Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343, and venue is appropriate since all of the acts alleged herein occurred in Cook County, Illinois.

7. On or about March 15, 2009, Plaintiff (Vivian Jarrett) was the owner of a vehicle that was seized by Chicago police officers for investigation.

9

8. Acting pursuant to a policy and practice of the City of Chicago, as implemented and enforced by Defendant Weis, her vehicle was impounded purportedly for investigation, even though Plaintiff was not charged with a criminal offense when her car was seized.

9. Within days of the impoundment of her car, Plaintiff made repeated efforts to secure the return of her car. She called the phone number given to her by a Chicago police officer, and she was informed that her car was on hold for investigation. Later, she was told her car was on hold for "extended" investigation.

10. Plaintiff (Vivian Jarrett) had the right to a reasonably prompt, post-seizure hearing. Her car remains in CPD custody, and Plaintiff has not been offered a hearing to contest that custody or the accumulated fees and costs.

11. Defendants failed to provide any hearing during the first thirty days following the seizure of Plaintiff Jarrett's car.

12. To the extent any "hearing" will be offered, the hearing will not be before a judicial officer, the hearing officer will not be trained in administrative hearing procedures, the hearing officer will apply an irrebuttable presumption that the tow reports and other police reports are accurate, complete, and truthful, no witnesses will appear to present evidence that the tow was justified, and Plaintiff's testimony will not be believed. As a result, the hearing is a sham.

13. Defendants, acting in accordance with their policy, charge towing and storage

10

fees for vehicles that are impounded "for investigation."

14. Defendants' policy with respect to vehicles that are impounded "for investigation" violates the Due Process Clause in that a) Defendants fail to provide a reasonably prompt, post-seizure hearing, and b) the hearing that is offered is a sham at which the owner has no chance of prevailing.

WHEREFORE, Plaintiff (Vivian Jarrett) prays the Court will: a) declare that she has a due process right to a prompt, post-seizure probable cause hearing or the opportunity to post reasonable bond; b) declare that the Defendants must hold a post-seizure, probable cause hearing within seven business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for weeks without a judicial or administrative determination of probable cause; d) declare that the notice the City currently issues is constitutionally inadequate; e) order the City to prepare and issue a new notice; f) order the City to hold hearings before a neutral and detached officer and at those hearings prohibit the City from relying exclusively on police reports; and g) award reasonable damages, costs, and attorneys fees.

## COUNT IV - CLASS ACTION

1-33. Plaintiffs re-allege paragraphs 1-33 of Count I as paragraphs 1-33 of Count IV.

34. Plaintiff, Disenia Canel, on her own behalf and on behalf of all others similarly situated, seeks certification of two classes pursuant to Rule 23(b)(2) of the

Federal Rules of Civil Procedure for declaratory and injunctive relief, and those classes are defined as follows:

    A. All persons who have had, or will have, a vehicle towed by order of a Chicago police officer, provided that: (a) the vehicle was towed pursuant to Article 36; (b) towing and storage fees were, or will be, assessed against the owner; and (c) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing (the timeliness class); and

    B. All persons who have had, or will have, a vehicle towed by order of a Chicago police officer, provided that: (a) the vehicle was towed pursuant to Article 36; (b) towing and storage fees were, or will be, assessed against the owner; (c) the Sheriff or the State's Attorney declined to file a forfeiture action or the CPD agreed to return the vehicle; (d) the decision by the Sheriff or the State's Attorney not to file a forfeiture action or the decision by the CPD to voluntarily return the seized vehicle was made more than seven business days after the vehicle was impounded; and (e) the vehicle owner was provided a "hearing" by personnel from CPD Pound No.1. (the scope of hearing class)

35. Plaintiff, Disenia Cancel, also seeks certification of classes for damages and restitution pursuant to Rule 23(b)(2) and (b)(3) of the Federal rules of Civil Procedure, and those classes are defined as follows:

    A. All persons who either (a) have had, or will have, a vehicle towed by

order of a Chicago police officer after May 2, 2008, or (b) had a vehicle towed by order of a Chicago police officer before May 2, 2008, but the vehicle remained in CPD custody pursuant to Article 36 after that date provided that: (1) the vehicle was towed pursuant to Article 36; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing (the timeliness damage class);

B. All persons who either have had, or will have, a vehicle towed by order of a Chicago police officer after February 14, 2003, provided that: (a) the vehicle was towed pursuant to Article 36; (b) towing and storage fees were, or will be, assessed against the owner; and (c) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing; (the timeliness restitution class)

C. All persons who have had, or will have, a vehicle towed by order of a Chicago police officer after February 14, 2003, provided that: (a) the vehicle was towed pursuant to Article 36; (b) towing and storage fees were, or will be, assessed against the owner; (c) the Sheriff or the State's Attorney declined to file a forfeiture action or the CPD agreed to return the vehicle; (d) the decision by the Sheriff or the State's Attorney not to file a forfeiture action or the decision by the CPD to voluntarily return the seized vehicle was made more than seven business days after the vehicle was impounded; and (e) the vehicle owner was offered a "hearing" by personnel from CPD Pound No.1. (the

13

Scope of hearing restitution class); and

D. All persons who either (a) have had, or will have, a vehicle towed by order of a Chicago police officer after May 2, 2008, or (b) had a vehicle towed by order of a Chicago police officer before May 2, 2008, but the vehicle remained in CPD custody pursuant to Article 36 after that date provided: (1) the vehicle was towed pursuant to Article 36; (2) towing and storage fees were, or will be, assessed against the owner; (3) the Sheriff or the State's Attorney declined to file a forfeiture action or the CPD agreed to return the vehicle; (4) the decision by the Sheriff or the State's Attorney not to file a forfeiture action or the decision by the CPD to voluntarily return the seized vehicle was made more than seven business days after the vehicle was impounded; and (5) the vehicle owner was offered a "hearing" by personnel from CPD Pound No.1. (Scope of hearing damage class)

36. Plaintiffs, Ismael Cancel and Vivian Jarrett, seek certification of restitution and damage classes pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure for all persons whose cars were towed and impounded "for investigation", and those classes are defined as follows:

A. All persons who have had, or will have, a vehicle towed by order of a Chicago police officer after June 17, 2006, provided that: (1) the vehicle was towed for "investigation"; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days

14

without a judicial or administrative hearing (the "for investigation" damage class); and

B. All persons who have had, or will have, a vehicle towed by order of a Chicago police officer after June 17, 2003, provided that: (1) the vehicle was towed for "investigation"; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing (the "for investigation" restitution class).

37. Plaintiff, Vivian Jarrett, on behalf of all similarly situated persons seeks certification of a 23(b)(2) class for declaratory and injunctive relief relating to the timing and the nature and scope of the CPD hearings following impoundment of a car "for investigation."

A. The timeliness class for declaratory and injunctive relief is defined as: All persons who either have had, or will have, a vehicle towed by order of a Chicago police officer provided : (1) the vehicle was towed "for investigation;" (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was detained for more than seven business days without a judicial or administrative hearing.

B. The nature and scope of the hearing class is defined as: All persons who either have had, or will have, a vehicle towed by order of a Chicago police officer provided : (1) the vehicle was towed "for investigation" ; (2) towing and storage fees were, or will be, assessed against the owner; and (3); the vehicle owner was, or will be, offered a CPD hearing.

15

38. In addition to impoundments made pursuant to Article 36 and "for investigation," Defendants apply the same policy and practice with respect to the CPD hearings that are offered to vehicle owners who have cars impounded for "hit and run" and for alleged drug offenses.

39. Plaintiffs, Disenia Cancel and Vivian Jarrett, on behalf of all similarly situated persons seeks certification of 23(b)(2) classes for declaratory and injunctive relief relating to the timeliness and the nature and scope of the CPD hearings following impoundments of cars for "hit and run" and for drug offenses.

   A. The timeliness class is defined as: All persons who either have had, or will have, a vehicle towed by order of a Chicago police officer provided: (1) the vehicle was towed "for hit and run" or for an alleged narcotics offense; (2) towing and storage fees were, or will be, assessed against the owner; (3); the vehicle was detained for more than seven business days without a judicial or administrative hearing.

   B. The nature and scope of the hearing class is defined as: All persons who either have had, or will have, a vehicle towed by order of a Chicago police officer provided : (1) the vehicle was towed for "hit and run" or for an alleged narcotics offense; (2) towing and storage fees were, or will be, assessed against the owner; and (3); the vehicle owner was, or will be, offered a CPD hearing.

40. Plaintiffs, Disenia Cancel and Vivian Jarrett, on behalf of all similarly situated persons also seek certification of 23(b)(2) and (b)(3) classes for restitution and for

16

damages relating to the timing of the CPD hearings as applied to vehicles that are towed and impounded for "hit and run" or for alleged narcotics offenses.

    A.  The damage class is defined as: All persons who have had, or will have, a vehicle towed by order of a Chicago police officer after June 17, 2006, provided that: (1) the vehicle was towed for "hit and run" or for an alleged narcotics offense; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing.

    B.  The restitution class is defined as: All persons who have had, or will have, a vehicle towed by order of a Chicago police officer after June 17, 2003, provided that: (1) the vehicle was towed for "investigation"; (2) towing and storage fees were, or will be, assessed against the owner; and (3) the vehicle was impounded with the CPD for more than seven business days without a judicial or administrative hearing.

    41. Plaintiffs, Disenia Cancel and Vivian Jarrett, on behalf of all similarly situated persons also seek certification of 23(b)(2) and (b)(3) classes for restitution and for damages relating to the nature and scope of the CPD hearings as applied to vehicles that are towed and impounded for "hit and run" or for alleged narcotics offenses.

    A.  The damage class is defined as: All persons who have had, or will have, a vehicle towed by order of a Chicago police officer after June 17, 2006, provided that: the vehicle was towed for "hit and run" or for an alleged narcotics offense; (b) towing and

17

storage fees were, or will be, assessed against the owner; (c) the Sheriff or the State's

Attorney declined to file a forfeiture action or the CPD agreed to return the vehicle; (d)

the decision by the Sheriff or the State's Attorney not to file a forfeiture action or the

decision by the CPD to voluntarily return the seized vehicle was made more than seven

business days after the vehicle was impounded; and (e) the vehicle owner was provided

a "hearing" by personnel from CPD Pound No.1.

B. All persons who either have had, or will have, a vehicle towed by order

of a Chicago police officer after June 17, 2003, provided: (1) the vehicle was towed for

hit and run or for an alleged narcotics offense; (2) towing and storage fees were, or will

be, assessed against the owner; (3) the Sheriff or the State's Attorney declined to file a

forfeiture action or the CPD agreed to return the vehicle; (4) the decision by the Sheriff or

the State's Attorney not to file a forfeiture action or the decision by the CPD to

voluntarily return the seized vehicle was made more than seven business days after the

vehicle was impounded; and (5) the vehicle owner was provided a "hearing" by

personnel from CPD Pound No.1.

42. All of these classes involve a policy or practice of the City of Chicago that is

applied to thousands of vehicle owners annually.

43. Plaintiffs are members of the classes they seek to represent, and the alleged

City policy was applied to each of the named Plaintiffs.

44. Joinder of all the individual claims for each of the identified classes is

18

impractical since there are thousands of class members, their individual claims are modest, and it would not be cost-effective to litigate thousands of small claims derived from a single policy or practice.

45. The commonality factors of Rule 23(a) are satisfied in that the core facts and the legal issues are the same for all class members. Every class member had, or will have, a vehicle seized and impounded by a Chicago police officer; every class member was, or will be, charged towing and storage fees; and every class member was, or will be, subjected to the City's policy and practice of taking more than seven business days before seeking judicial or administrative review and approval of the detention of the seized vehicle. All class members likewise have been, or will be, subjected to the same CPD hearing that fails to meet even the minimum standards for a due process hearing.

46. As a result of Defendants' common course of conduct, the following questions of law are common to all class members:

a) Whether Defendants' policy or practice violates the Due Process Clause in that their policy or practice does not allow for a prompt post-seizure hearing;

b) Whether Defendants have a legal basis to retain inventoried vehicles for more than seven business days without allowing for release of the vehicles, upon posting of bond, or a hearing to determine probable cause to continue to detain the vehicles;

c) Whether Defendants' policy or practice of charging towing and storage fees when a car is impounded pursuant to Article 36 results in constitutional harm to

members of the class;

d) Whether Defendants' policy or practice is to take 30 or more days before seeking forfeiture review or releasing the vehicle to the rightful owner; and

e) Whether the CPD "hearing" that is eventually offered is a sham proceeding that does not comply with due process of law.

47. Plaintiffs' claims are typical of all class claims in that their cars were seized by Chicago police officers, and the cars were held for more than seven business days without an opportunity for judicial or administrative review of the reasons for the seizure or the lawfulness of the assessed fees and costs.

48. There are no conflicts of interests between the named Plaintiffs and the other class members and the attorneys for the class representatives are experienced civil rights and class action litigators.

49. A class action is the most efficient procedure to resolve these claims.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).

s/ Thomas Peters
THOMAS PETERS
ROBERT COTTER
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiffs
407 S. Dearborn, Suite 1675
Chicago, IL 60605
(312) 697-0022